### WELLS v. LONG et al.
### No. 11537.

Circuit Court of Appeals, Ninth Circuit.
June 27, 1947.

Eugene H. Anderson and Darwin W. Thomas, both of Boise, Idaho, for appellant.

A. Devitt Vanech, Asst. Atty. Gen., John A. Carver, U. S. Atty., and Erle H. Casterlin, Asst. U. S. Attys., both of Boise, Idaho, and Roger P. Marquis, Atty., Dept. of Justice, of Washington, D. C., for appellee.

Before GARRECHT, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Appellant sued in the federal court for Idaho to quiet title to certain lands in that state which had been conveyed to the United States. The United States and Mary Elizabeth Long were made parties defendant. The case is here on appeal from a judgment dismissing the complaint on motions of the defendants.

The facts alleged were that in 1935 appellant took possession of the lands under an oral contract to purchase the same from Jerome Long and wife on deferred payments. Long died, and the lands were distributed to the widow, Mary Elizabeth Long. In 1942 the United States contracted with the widow for the purchase of the property, and it was thereafter duly conveyed to the government by warranty deed. It is alleged that this purchase and conveyance were made with knowledge of appellant's possession and of his contract. The relief prayed was that the contract be specifically enforced upon payment by appellant of the balance of the purchase price, that his title be quieted, and that the deed to the United States be cancelled.

The statute invoked is the Act of March 4, 1931, Ch. 515, 46 Stat. 1528, as amended by the Act of December 2, 1942, 56 Stat. 1026, 28 U.S.C.A. §§ 901–906. So far as material, the first section of the Act, 28 U. S.C.A. § 901, provides: "Upon the conditions herein prescribed for the protection of the United States, the consent of the United States is given to be named a party in any suit which is now pending or which may hereafter be brought in any United States district court, * * * and in any State court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real estate or personal property, for the purpose of securing an adjudication touching any mortgage or other lien the United States may have or claim on the premises or personal property involved."

The second section, 28 U.S.C.A. § 902, prescribes, among other things, that "the complaint shall set forth with particularity the nature of the interest or lien of the United States on such property." The third section, 28 U.S.C.A. § 903, provides in part that "any such suit brought against the United States in any State court may be removed by the United States to the

844

United States district court for the district in which the suit may be pending."

Appellees urge, and the court below held, that the United States has not by this statute waived its immunity from suit to quiet title to lands which it owns or claims to own in fee. They cite the legislative history of the 1942 amendment on which appellant relies, and they call attention to the restrictive verbiage of the Act, particularly the provision limiting the waiver of immunity to suits "for the purpose of securing an adjudication touching any mortgage or other lien the United States may have or claim on the premises or personal property involved." The interpretation urged seems on the face of things to be well grounded, but we refrain from deciding the point since we are of opinion that the court below was without jurisdiction to entertain the suit.

The complaint contains no allegation of diversity of citizenship, nor does it disclose any other basis for federal jurisdiction. The assumption appears to be that the federal district court is necessarily vested with jurisdiction in every case in which the United States is a party. The assumption is incorrect. Federal district courts have only such jurisdiction as Congress confers. It is true that Congress has conferred jurisdiction on them of all suits brought by the United States, Judicial Code, § 24(1), 28 U.S.C.A. § 41(1), but no like provision has been made as to suits against the government. The purpose of the statute immediately involved is merely to waive sovereign immunity from suit in certain types of cases, not to confer jurisdiction on courts to hear and determine such cases in the ordinary sense. It presupposes that the court in which such suit is pending or brought has jurisdiction thereof on grounds independent of the statute. As already noted, the act gives the United States alone the right of removal to the federal court. Unless the United States invokes the jurisdiction of that court, and it has not done so here, federal jurisdiction can not be predicated merely on the fact that the United States is a party.

Affirmed.