## HALDEMAN et ux. v. UNITED STATES.
### No. 9005.

United States District Court
E. D. Michigan, S. D.
Nov. 17, 1950.

---

Frazer & Popkin, Detroit, Mich., for plaintiffs.

Edward T. Kane and Roger P. O'Connor, Office of United States Attorney, Detroit, Mich., James P. Garland and Frederic G. Rita, Office of Attorney General of United States, Washington, D. C., for defendant.

LEDERLE, Chief Judge.

Complaint was filed herein against the United States of America by plaintiffs, who are husband and wife, seeking to quiet title to entirety property in this District against which the Government has filed a notice of lien for $14,107.50 in unpaid income taxes of the husband. Plaintiffs claim that such a lien cannot attach to entirety property, citing Shaw v. U. S., W.D.Mich. 1939, 94 F.Supp. 245, and U. S. v. Nathanson, D.C.E.D.Mich.1945, 60 F.Supp. 193. The Government has admitted all allegations of plaintiffs' second amended complaint and has moved to dismiss for two reasons, namely: (1) The court is without jurisdiction to entertain the action, and (2) while conceding that the lien cannot be enforced under present circumstances, contends that the lien is properly placed against whatever interest the husband has in the entirety property and should remain against the property until the decease of one spouse determines which takes absolutely as survivor. Plaintiffs have filed a cross motion for judgment on the pleadings.

■ There is neither allegation nor claim that plaintiffs have complied with any of the provisions of 26 U.S.C.A. § 3679, which prescribes the conditions under which the United States consents to be sued in this court to test the validity of a tax lien against real estate, as explained in Jones v. Tower Prod. Co., 10 Cir., 1941, 120 F.2d 779, and Metropolitan Life Ins. Co. v. U. S., 6 Cir., 1939, 107 F.2d 311. Briefly, the requirements are a written request to the Commissioner six months prior to petitioning this court, upon notice to the Commissioner, for leave to institute this action.

■ Plaintiffs claim jurisdiction solely under 28 U.S.C.A. § 2410 (Rev.) This statute, like its predecessor, former 28 U. S.C.A. § 901, merely waives sovereign immunity in suits to foreclose mortgages or quiet titles and does not confer jurisdiction on this court to hear and determine such cases. The statute presupposes that the court in which such suit is brought has jurisdiction thereof on grounds independent of such statute. Wells v. Long, 9 Cir., 1947, 162 F.2d 842.

There being no allegation or claim of any proper basis for jurisdiction, the Government motion to dismiss must be granted for want of jurisdiction, without deciding on the validity of the lien.