**SEATTLE ASSOCIATION OF CREDIT MEN, a corporation, Plaintiff,**

v.

**William E. FRANK, Director of Internal Revenue for the District of Washington and Alaska, Defendant.**

**No. 1840.**

United States District Court
W. D. Washington, S. D.

April 29, 1955.

Croson, Johnson & Wheelon, and Willard Hatch, Seattle, Wash., for plaintiff.

Charles P. Moriarty, U. S. Atty., and Thomas R. Winter, Spec. Asst. to Regional Counsel, Int. Rev. Service, Seattle, Wash., for defendant.

BOLDT, District Judge.

This is an action to enjoin defendant from enforcing levies on funds held for creditors of Western Appliance Co. Plaintiff contends that the creditors are unjustly deprived of moneys belonging to them; that no legal remedy exists to try title to said funds; and that plaintiff has exhausted all administrative rem-

edies available. Defendant moved to dismiss on the ground that action to enjoin the collection of internal revenue taxes is prohibited by Section 7421 I.R.C.1954 and that plaintiff has an adequate remedy at law.

On July 1, 1952 the taxpayer, Western Appliance Co., unable to pay all of its bills in the ordinary course of business, executed and delivered to plaintiff a chattel mortgage in trust for the purpose of securing an extension of time within which to pay its existing unsecured liabilities. The mortgage was given as security for a promissory note for $22,000 dated July 1, 1952, and at the same time the accounts receivable of taxpayer were assigned to plaintiff. On June 2, 1953, taxpayer, then insolvent and unable to make payments under the note and mortgage, executed to plaintiff a bill of sale to the assets covered by the mortgage in lieu of foreclosure.

At the time of execution of the mortgage taxpayer was in the business of selling appliances on conditional sales contracts, which contracts were assigned to the University Branch of the National Bank of Commerce for collection. The bank accumulated a portion of the proceeds of each contract into a "reserve fund" to secure its contingent liability on the contracts and on March 27, 1953 was authorized by taxpayer to pay the "reserve fund" to plaintiff. Thereafter the bank made monthly reports to plaintiff and where defaults occurred on the contracts required plaintiff to repurchase said contracts pursuant to the terms thereof, after which plaintiff made its own collection on the contracts.

On June 15, 1953, following a sale of assets by plaintiff, defendant through his agents made a levy upon plaintiff for withholding and employment taxes in total sum of $1,632.29 due and owing by taxpayer for the quarter ending March 31, 1953 and on June 18, 1953 made a levy upon the bank for the same taxes. All of the contracts covered by the "reserve fund" have been paid in full, the

bank denies any interest of taxpayer in the moneys but refuses to pay the proceeds to plaintiff because of the levy. Plaintiff itself makes no claim to the $4,176.39 it has on hand but because of the levy has been prohibited for more than a year from distributing the funds to creditors.

■ Plaintiff's action clearly is barred by Section 7421 I.R.C.1954, 26 U.S.C.A., unless the allegations of fact in the complaint sufficiently establish that plaintiff does not have an adequate remedy at law. As the 9th Circuit Court said in Matcovich v. Nickell, 134 F.2d 837, neither illegality of a lien, nor hardship resulting therefrom, is sufficient basis for restraining the assessment or collection of the tax. The allegations of the complaint in this case do not show an inadequate remedy at law. The showing of inadequacy in Tomlinson v. Smith, 7 Cir., 128 F.2d 808 was much stronger than the allegations in the present case. Moreover, the portion of the 7th Circuit opinion dealing with inadequacy of law remedy is not overly persuasive when applied to the facts of the present case.

■ Undoubtedly, the owner of property may maintain a suit to restrain a levy on his property to satisfy tax liability of others who have no interest in the property under the conditions stated in Jones v. Kemp, 10 Cir., 144 F.2d 478. Such situation is not presented in the instant case, even with respect of the funds held by the National Bank of Commerce branch bank. The contracts originally were assigned to the bank for collection. At that time the taxpayer was the owner of the contracts. The complaint alleges that thereafter all ownership and interest in the proceeds of collection of the contracts was fully and finally divested from the taxpayer. It may be so but that issue ought not to be adjudicated in an action for injunctive relief in view of the imperative provision of Section 7421 I.R.C. against enjoining collection of internal revenue taxes.