**SEATTLE ASSOCIATION OF CREDIT MEN, a corporation, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 15042

United States Court of Appeals
Ninth Circuit.

Feb. 7, 1957.

Croson, Johnson & Wheelon, Willard Hatch, Seattle, Wash., for appellant.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, S. Dee Hanson, Sheldon Fine, Attys., Dept. of Justice, Washington, D. C., Charles P. Moriarty, U. S. Atty., Edward J. McCormick, Jr., Asst. U. S. Atty., Seattle, Wash., for appellee.

Before BONE, LEMMON and HAMLEY, Circuit Judges.

HAMLEY, Circuit Judge.

Seattle Association of Credit Men brought this action against the United States to quiet title to certain funds. The district court dismissed the action for want of jurisdiction. Plaintiff appeals, raising the jurisdictional issue as the only question for our consideration.

The facts to be considered in determining that question may be briefly stated. In 1952, Western Appliance Co., Inc., became unable to pay its bills in the ordinary course of business. The company, therefore, on July 1, 1952, gave appellant, as trustee for Western's unsecured creditors, a promissory note in the sum of $22,000. The note was secured by a chattel mortgage and by an assignment of Western's accounts receivable.

On June 2, 1953, Western, then insolvent, gave appellant a bill of sale to the assets covered by the mortgage. Appellant sold these assets and planned to distribute the proceeds among Western's creditors. On June 15, 1953, however, before this distribution could be made, the District Director of Internal Revenue levied on these funds. The purpose of the levy was to collect withholding and employment taxes in the sum of $1,632.-29, due and owing by Western.

Three days later, the district director made a similar levy upon funds held by the University Branch, National Bank of Commerce, Seattle. These funds had been derived from payments made under certain conditional sales contracts which Western had left with the bank for collection. The bank had been instructed to pay these funds to appellant, for distribution to Western's creditors, but was unable to do so because of the levy.

On October 5, 1954, appellant filed an action against the district director, to enjoin enforcement of these levies. The complaint was dismissed on April 29, 1955, on the ground that injunctive relief was prohibited by 26 U.S.C.A. § 7421(a). Seattle Ass'n of Credit Men v. Frank, D.C.W.D.Wash., 134 F.Supp. 439.

Appellant then filed an amended complaint joining the United States as a defendant, and asking as alternative re-lief, that its title to the funds be quieted, pursuant to 28 U.S.C.A. § 2410. When the defendants filed a motion to dismiss the amended complaint, appellant filed a notice of dismissal of that action "without prejudice."

Three days later, on August 19, 1955, appellant filed the present action. The identical facts and grievances are alleged as in the previous action. The only relief sought in the new action, however, is that appellant's title to the funds be quieted and that the cloud on his title, occasioned by the tax levies, be removed. Jurisdiction was asserted exclusively under 28 U.S.C.A. § 2410(a).[1]

Granting a motion to dismiss, the district court held that the consent by the United States to be sued, referred to in § 2410, is limited to situations involving judicial sales.

We are of the view that the consent to sue the United States, conferred by § 2410, is not limited to judicial sales, and does include quiet title actions such as this.[2] This section, however, does not confer jurisdiction upon district courts to entertain quiet title actions. As we pointed out in Wells v. Long, 9 Cir., 162 F.2d 842, at page 844, the limited purpose of § 2410 is to waive sovereign immunity from suit, and "presupposes that the court in which such suit is pending or brought has jurisdiction thereof on grounds independent of the statute."

In its opening brief in this court, appellant relies not alone upon § 2410 to establish jurisdiction, but also cites 28 U.S.C.A. §§ 1340, 1346(a) (2), and 2463. In its reply brief, appellant moves for leave to amend its complaint to include in its jurisdictional statement a reference to these additional statutes.

---

1. 28 U.S.C.A. § 2410(a) reads:

   "Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, including the District Court for the Territory of Alaska, or in any State court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien."

2. Jones v. Tower Production Co., 10 Cir., 138 F.2d 675; Adler v. Nicholas, 10 Cir., 166 F.2d 674.

It is provided in 28 U.S.C.A. § 1653 that defective allegations of jurisdiction may be amended, upon terms, in either the trial or appellate court. We accordingly grant leave to amend the complaint in the manner requested, and will regard the complaint as so amended.

One of the newly-cited statutes relied upon by appellant as establishing jurisdiction is 28 U.S.C.A. § 2463.[3] Under this statute, property "taken" or "detained" under any revenue law of the United States is deemed to be in the custody of the law and subject to the orders and decrees of the courts of the United States having jurisdiction thereof.

■ The levies in question were made pursuant to the authority conferred upon the district director by 26 U.S.C.A. § 6331 (formerly 26 U.S.C.A. (I.R.C.1939) § 3690), which is a revenue law of the United States. There is no doubt that the funds affected by these levies have been "detained." One who is in possession of property upon which a levy has been made must hold it (except in certain cases not here relevant) subject to the demand of the district director. 26 U.S.C.A. § 6332. The court of the United States having "jurisdiction" of such property is the district court serving the geographical area wherein the property is situated. Raffaele v. Granger, 3 Cir., 196 F.2d 620. The funds here in question are situated within the geographical area served by the district court in which this action was instituted. It therefore appears that all of the requirements of 28 U.S.C.A. § 2463 have been met in this case, and that the district court wherein

this suit was begun had jurisdiction to entertain this suit.[4]

It is true that in the only cases which have come to our attention in which 28 U.S.C.A. § 2463 has been held to confer jurisdiction, there were warrants of distraint in addition to levies.[5] In the complaint before us, it is not expressly alleged that such a warrant was issued and served.

■ While the cases just cited did involve warrants of distraint, in neither decision is it indicated that, but for the warrant, jurisdiction would not have been obtained. There is a difference of opinion among the courts of appeal as to whether issuance and service of a warrant of distraint is essential to an effective levy.[6] We need not now decide this question, however, since, for the purposes of testing the complaint, the term "levy," as therein used, is broad enough to include any necessary distraint proceedings. See 26 U.S.C.A. § 6331(b).

■ The order dismissing the original complaint in the prior suit, followed by an amended complaint and a subsequent voluntary dismissal of the action, is not res judicata as to the questions presented in the present suit.

We hold that, under the allegations of the complaint, and pursuant to § 2463, the district court had jurisdiction to entertain this suit. As before indicated, the district court was not afforded an opportunity to consider the jurisdictional statute which we have found to be decisive.

Reversed and remanded, with directions to deny the motion to dismiss.

---

3. 28 U.S.C.A. § 2463 reads:
   "All property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof."

4. This is not a suit to restrain the collection of a tax, prohibited by 26 U.S.C.A. § 7421(a), nor a suit for a declaratory judgment, forbidden by 28 U.S.C.A. § 2201.

5. For example, see Raffaele v. Granger, 3 Cir., 196 F.2d 620; National Iron Bank v. Manning, D.C.N.J., 76 F.Supp. 841.

6. Compare United States v. Eiland, 4 Cir., 223 F.2d 118, with United States v. O'Dell, 6 Cir., 160 F.2d 304, and Givan v. Cripe, 7 Cir., 187 F.2d 225.