**TAMCO, Inc., a corporation, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

**No. 2086.**

United States District Court
D. Idaho, E. D.
March 21, 1958.

A. A. Merrill, Idaho Falls, Idaho, for plaintiff.

Ben Peterson, U. S. Dist. Atty., for the District of Idaho, Kenneth Bergquist, Asst. U. S. Atty., Boise, Idaho, for defendant.

FRED M. TAYLOR, District Judge.

The defendant filed a tax lien against the real and personal property of the plaintiff claiming that plaintiff is the transferee of one Emory G. McCarty. The action is in the nature of a quiet title suit, and to bar the claim of the defendant to said property. Plaintiff pleads as the basis of jurisdiction the federal statutes pertaining to the United States of America being made a party

defendant in a quiet title suit, to wit: Chapter 161, Title 28, and particularly Section 2410. Defendant has moved to dismiss the action on the ground that this Court does not have jurisdiction.

■ The 9th Circuit Court of Appeals has held that the said statute, 28 U.S.C.A. § 2410, only waives the sovereign immunity of the United States as to the specified matter and does not grant jurisdiction over the United States of America to the Federal District Courts where such jurisdiction is not otherwise had. Wells v. Long, 9 Cir., 162 F.2d 842; Seattle Association of Credit Men v. United States, 9 Cir., 240 F.2d 906 (decided February 7, 1957). In this latter case the Court stated on page 908:

> "We are of the view that the consent to sue the United States, conferred by § 2410, is not limited to judicial sales, and does include quiet title actions such as this. This section, however, does not confer jurisdiction upon district courts to entertain quiet title actions. As we pointed out in Wells v. Long, 9 Cir., 162 F.2d 842, at page 844, the limited purpose of § 2410 is to waive sovereign immunity from suit, and 'presupposes that the court in which such suit is pending or brought has jurisdiction thereof on grounds independent of the statute.'"

In this last cited case the court found jurisdiction to entertain the suit under the provisions of 28 U.S.C.A. § 2463. The complaint in that action alleged that there had been a levy on the property that was the subject matter of the action.

■ Here, the plaintiff pleads as jurisdiction 28 U.S.C.A. § 2410, and does not plead that there has been a levy made on the property, the subject matter of the action. If there had been a levy made or a warrant of distraint issued against the property then this court would have had jurisdiction, and such action would not have been barred by the provisions of 26 U.S.C.A. § 7421(a) or the provisions of 28 U.S.C.A. § 2201.

(Seattle Association of Credit Men v. United States, supra, 240 F.2d at page 909, note 4).

While the plaintiff may be able to maintain its action against the United States in a court having proper jurisdiction of the subject matter of the action, this court does not have such jurisdiction. The action must be dismissed for want of jurisdiction under the authority of Long v. Wells, supra, and Seattle Association of Credit Men v. United States, supra.

Accordingly, it is ordered that the defendant's motion to dismiss be and the same hereby is granted.