**NEW HAMPSHIRE FIRE INSURANCE COMPANY, Petitioner,**

v.

**Thomas E. SCANLON, District Director of Internal Revenue, City of New York, and Acme Cassa, Inc., Respondents.**

United States District Court
S. D. New York.
April 16, 1959.

Engelman & Hart, New York City, for petitioner.

Arthur H. Christy, U. S. Atty., Sherman J. Saxl, Asst. U. S. Atty., New York City, for respondent, Thomas E. Scanlon.

CASHIN, District Judge.

This is a summary proceeding brought on by petition and order to show cause seeking to have quashed, at least in part, notices of levy served and filed upon respondent City of New York by respondent Thomas E. Scanlon, a District Director of Internal Revenue. The petitioner asserts a right prior to that of the Director to funds in the hands of the City of New York due and owing under a construction contract between respondent Acme Cassa, Inc. and the City. The petitioner alleges expenditures, under the payment and performance bonds, of $82,-990.17 as of November 25, 1958. There is admittedly due and owing by the City under the contract at the present time the sum of $68,015.50, and there is soon to be due and owing the further sum of $35,936.80. Neither the City nor Acme Cassa, Inc. interpose any objection to the relief sought.

I am in agreement with the contention of the Government that the District Court has no jurisdiction to determine the respective rights of the petitioner and the Government to the funds in the hands of the City in a summary proceeding. Petitioner argues that the provisions of 28 U.S.C.A. § 2463 give the Court such jurisdiction. That Section reads as follows:

"All property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof."

The petitioner argues that the notices of levy filed with the City have the effect of "detaining" the funds. Since they are so detained, this argument goes on, the funds are "in the custody of the law" and thus subject to the order of the Court.

For the purposes of this motion I will assume that the funds have been detained within the meaning of Section 2463 (cf. Seattle Association of Credit Men v. United States, 9 Cir., 1957, 240 F.2d 906). Despite this assumption I feel that this summary proceeding does not lie in view of the authority of In re Behrens, 2 Cir., 1930, 39 F.2d 561 and Goldman v. American Dealers Service, 2 Cir., 1943, 135 F.2d 398. Both of these cases considered the availability of summary proceedings under the then Title 28 U.S.C.A. § 747, which Section has been recodified in *haec verba* in the present 28 U.S.C.A. § 2463. In both cases it was held that despite the fact that tangible personal property seized under revenue laws was thus in the custody of the law, summary proceedings for its recovery would not lie. It is true that in both these cases the parties from whom the seizure took place were also the parties who were allegedly liable to the Government and that, here, the petition is brought on by a third party. However, I cannot see where this distinction is one of substance. If Section 2463 brings the property within the custody of the law so as to make a summary proceeding for a turn-over order available, there would appear to be no more authority to allow proceedings to be brought by an owner from whom it was not seized than by an owner from whom it was. To the extent that Raffaele v. Granger, 3 Cir., 1952, 196 F.2d 620 and Rothensies v. Ullman, 3 Cir., 1940, 110 F.2d 590 hold contrary, I decline to follow them. In both the Behrens and Goldman cases, supra, the Court held that the denial of the relief sought should be conditioned on the Government instituting proper proceedings to test the merits of the controversy seasonably. No such condition is necessary in denying the instant application because the petitioner itself can institute a plenary suit for the recovery of the property if it so chooses.

The petition is dismissed.

It is so ordered.