**Tillie PEACOCK, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 2182-C.**

United States District Court
D. Idaho,
Central Division.

June 25, 1959.

J. Henry Felton, Lewiston, Idaho, for plaintiff.

Ben Peterson, U. S. Atty., Boise, Idaho, for defendant.

FRED M. TAYLOR, District Judge.

This case is presently before the Court on the question of whether this Court has jurisdiction of the action.

The action is one in the nature of a quiet title suit to bar the claim of the United States arising out of a Federal tax lien.

The United States contends that the court is without jurisdiction of the subject matter of the suit.

Plaintiff relies for jurisdictional grounds on either the provisions of Title 28 U.S.C.A. § 2410 or the provisions of Title 26 U.S.C.A. § 7424 [formerly Title 26 U.S.C.A. § 3679 under the Internal Revenue Code of 1939].

This Court has heretofore held, in accordance with the rule of the 9th Circuit Court of Appeals first stated in the case of Wells v. Long, 9 Cir., 162 F.2d 842, that Title 28 U.S.C.A. § 2410 only waives the sovereign immunity of the United States as to the matters specified in the said statute and does not grant jurisdiction over the United States to United States District Courts where such jurisdiction does not otherwise exist. Tamco, Inc. v. United States of America, D.C., 162 F.Supp. 534. Since the decision in the Tamco case, the Ninth Circuit Court of Appeals, Judge Lemmon dissenting, has held that the jurisdiction of the United States District Courts could be invoked by the United States on removal under the provisions of Title 28 U.S.C.A. § 1444. Hood v. United States, 9 Cir., 256 F.2d 522. However, this case reiterates the rule of Wells v. Long, supra.

The allegations of plaintiff's complaint do not allege compliance with the provisions of Title 26 U.S.C.A. § 7424, and without such allegations the complaint fails to state jurisdictional grounds. Cf. Whetstone v. United States, D.C., 82 F.Supp. 478, certiorari denied 337 U.S. 941, 69 S.Ct. 1519, 93 L.Ed. 1746, rehearing denied 338 U.S. 840, 70 S.Ct. 36, 94 L.Ed. 514; Haldeman v. United States, D.C., 93 F.Supp. 889; Sidbury v. Gill, D.C., 102 F.Supp. 483. The limitations imposed by this section may not be waived by the Collector or counsel for the United States. Jones v. Tower Production Co., 10 Cir., 120 F.2d 779.

Accordingly, it is ordered that said action be and the same is hereby dismissed.