**Robert E. JONES, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 913–59.

United States District Court
S. D. California,
Central Division.

Dec. 23, 1959.

Newton E. Anderson, Eldon V. McPharlin and Robert C. Haase, Jr., Los Angeles, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., Edward R. McHale, Asst. U. S. Atty., Eugene N. Sherman, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

BYRNE, District Judge.

This is an action to quiet title to realty. Plaintiff is an agent acting on behalf of the Royal Indemnity Company (hereinafter RIC). In 1953 one Selma Fisher executed a deed of trust of the property in question to the California Bank as trustee for the Fisherman and Merchants Bank, as security for the payment of a promissory note. Thereafter Selma Fisher, doing business as Fisher Sheet Metal Works, applied for several contract bonds with RIC bonding company, real party plaintiff in this action, which bonds were then defaulted upon, resulting in the payment by RIC of $49,970.93.

Since Miss Fisher had agreed to indemnify RIC for such losses, in December, 1953, she executed a deed of trust of this property to the Title Insurance and Trust Company as trustee for RIC. Thereafter federal tax liens were filed against Selma Fisher and John Fisher, affecting the same property.

In January, 1955, Selma Fisher defaulted on the promissory note to the Fisherman & Merchants Bank. A sale was ordered of the property in question by trustee for that bank, at which the property was purchased for $8,022.64, the highest bid, by plaintiff, acting as agent for, and to protect the interests of, RIC.

Plaintiff, therefore, now has the property in question, but the Government has a lien on it. Plaintiff's position is that RIC as next lienor to the Fisherman and Merchants Bank is entitled to any excess sum [1] paid to that bank up to its right to the $49,022.84 owed it by Fisher, whose debt has since been discharged in bankruptcy. Since the Government is the junior lienor, contends plaintiff, its claim against the property ought to be forever barred by this Court.

■ The Government moves to dismiss plaintiff's amended complaint, on the grounds that the applicable statutes confer no jurisdiction on this Court to entertain an action to quiet title against the United States.

Section 2410(a) of Title 28 provides in part:

"The United States may be named a party in any civil action or suit in any district court * * * or in any State court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien."

This Circuit has held, in Wells v. Long, 9 Cir., 162 F.2d 842, that the purpose of this section was not to confer jurisdiction on the District Courts to entertain these cases, but rather to waive the sovereign immunity of the United States in such cases where another independent ground of jurisdiction already exists. The Wells case was followed by Seattle Association of Credit Men v. United States, 9 Cir., 240 F.2d 906, where a like result was reached.

■ Thus, although § 2410 is sufficient to relieve the plaintiff against the bar of sovereign immunity, plaintiff must find another ground of jurisdiction. Accordingly, plaintiff cites § 2463, Title 28, which provides: "All property taken or detained under any revenue law of the

United States shall not be repleviable but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof." This section has been held to confer jurisdiction where there were warrants of distraint or levies. See Raffaele v. Granger, 3 Cir., 196 F.2d 620; Seattle Association of Credit Men v. United States, supra; Gerth v. United States, D.C., 132 F.Supp. 894.

In the instant case, however, there is not only no distraint—neither is there anything that might be termed a levy. All that the Government has done has been to file a tax lien.

■ Section 2463 refers to property deemed to be in the "custody of the law", and such property is subject *only* to the decrees and orders of the appropriate *United States* courts. That is to say, the property in question is *in custodia legis*, a traditional legal concept envisioning an actual, physical possession of the property by the Court. As a result of the application of this concept, and by the very terms of the statute, such property so deemed is subject exclusively to the orders of the *United States* courts. To read the statute as urged by the plaintiff, therefore, is to deny to the state courts the jurisdiction to settle disputes relating to the property.

■ The California Constitution, Article VI, Section 5, gives such jurisdiction to the state courts and, as we have seen, Title 28, section 2410(a) waives the Government immunity in the state courts in such a proceeding. The plaintiff, therefore, has a remedy in the state courts.

Section 2463 does not vest this court with jurisdiction and, no other statute doing so, the motion to dismiss should be granted. Counsel for the defendant is directed to prepare, serve and lodge a formal order in accordance with local Rule 7, West's Ann.Code.

1. The excess sum is the amount over what the bank received, which is the appre- ciated value of the property since the sale—alleged to be $2,000.