**Charles B. BARTELL, Plaintiff,**

v.

**Robert A. RIDDELL, Norman Rosenberg, and Parkview Hospital, a California corporation, Defendants.**

**Civ. No. 1286-61.**

United States District Court
S. D. California,
Central Division.

Feb. 5, 1962

Jack E. Hildreth, Los Angeles, Cal., for plaintiff.

Seymour B. Pearlman, Los Angeles, Cal., for defendant Norman Rosenberg.

Charles J. Katz, Los Angeles, Cal., for defendant Parkview Hospital.

Francis C. Whelan, U. S. Atty., Robert H. Wyshak, Asst. U. S. Atty., Chief, Tax Division, Los Angeles, Cal., for defendant Robert A. Riddell.

THURMOND CLARKE, District Judge.

This matter is before the court for consideration of plaintiff's application for preliminary injunction and defendants' motions to dissolve the temporary restraining order issued herein and dismiss the complaint. The court concludes that plaintiff's application for preliminary injunction should be granted and that defendants' motions are not well taken and will therefore be denied.

The complaint alleges the following facts which, for the purposes of these proceedings, the court assumes to be true: Several years ago, defendant Riddell and the Internal Revenue Service filed a lien and seized 100 shares of stock of defendant Parkview Hospital, representing one third of the stock in said corporation, from one Dr. Furnish, in order to satisfy said individual's tax liability. Subsequently, pursuant to 26 U.S.C. §§ 6331 and 6332 defendant Riddell offered said stock for public sale; however, this sale was postponed due to an injunction issued on behalf of Dr. Furnish's former wife. Thereafter, defendant Riddell succeeded in having said injunction and proceedings dismissed.

Shortly prior to July 31, 1961, defendant Riddell published a notice of sale of the aforesaid stock. Sale was set for July 31, 1961; by the terms of the offer, the sale was to be conducted by sealed bid and required a 20% payment of the bid

offer to be made at the time the bid was tendered. On July 31, 1961, plaintiff tendered his sealed bid in the amount of $42,550. Plaintiff's was the highest bid and his bid was accepted, together with a cashier's check for 20% of the bid price, or $8,510.00. By the terms of the offer, plaintiff was required to pay the balance of the purchase price within 30 days. Prior to the expiration of said period, plaintiff tendered the sum of $34,040 as the balance of the purchase price and tender was refused in writing on behalf of defendant Riddell. An authorized agent of said defendant alleged that refusal of the tender was based on the ground that a formal written notice of the sale, as required by 26 U.S.C. § 6335, had not been given to the taxpayer, Dr. Furnish, and there might be a defect in the title passed from the government to the plaintiff. Notwithstanding this possible defect, plaintiff again demanded that defendant Riddell issue certificate of sale pursuant to 26 U.S.C. §§ 6331 and 6332, which demand was refused.

Thereafter, plaintiff procured a waiver of notice from Dr. Furnish, supported by a consideration of $4,000. The terms of the waiver were communicated to defendant Riddell. On several subsequent occasions, plaintiff demanded that defendant Riddell issue his certificate of sale, which defendant Riddell refused to do.

On September 21, 1961, defendant Riddell published notice of another sale of the aforesaid stock, and set the same for October 2, 1961, at 10:00 A.M. On September 26, 1961, plaintiff protested to defendant Riddell and again demanded issuance of his certificate of sale. On September 28, 1961, plaintiff further protested the sale and requested that the sale be postponed, pursuant to 26 U.S.C. §§ 6331 and 6332, in order to enable plaintiff to seek injunctive relief from this court. An agent of defendant Riddell informed plaintiff that the sale could be continued administratively and that in the event the sale was to be held plaintiff would be notified in time to seek said relief.

Defendant Riddell failed to notify plaintiff that the sale was to be held until the late hours of Friday, September 29, 1961, making it impossible for plaintiff to seek injunctive relief at that time. On October 2, 1961, plaintiff and his attorney appeared at the sale and declared to all interested persons, including defendant Rosenberg, that plaintiff was the true owner of the stock and that no title thereto could be conveyed at the second sale. Notwithstanding plaintiff's protests and announcement, defendant Riddell continued the sale and purported to sell the stock in issue to defendant Rosenberg for the sum of $65,010. Thereafter, defendant Riddell accepted from defendant Rosenberg 20% of the bid price, pursuant to the terms of the sale.

Defendant Riddell has refused and still refuses to issue certificate of sale of the stock to plaintiff. Unless restrained, said defendant will issue said certificate of sale to defendant Rosenberg.

Plaintiff further alleges that he is the owner and entitled to possession of the certificate of stock evidencing a one-third interest in the defendant Parkview Hospital upon the payment of $42,550, which sum plaintiff tenders to defendant Riddell by means of the complaint. It is further alleged that the failure of defendant Riddell to deliver the certificate cannot be remedied by an action at law since the stock at issue is the only such stock available.

Finally, the complaint states that defendants Rosenberg and Parkview Hospital claim adverse interests in the stock.

The relief requested is: (1) that defendant Riddell be ordered to issue certificate of sale for the stock to plaintiff, upon payment by plaintiff of $42,550; (2) that defendant Riddell be enjoined from issuing certificate of sale to anyone other than plaintiff; and (3) that plaintiff's title to the stock be quieted as against defendants Rosenberg and Parkview Hospital.

Jurisdiction is claimed on the basis of 28 U.S.C. § 41(5) (now 28 U.S.C. § 1340)

and 28 U.S.C. § 2410, and the complaint alleges that the ground upon which this court's jurisdiction depends is the fact that defendant Riddell, the District Director of Internal Revenue Service for this District, is the duly authorized, appointed and acting agent of the United States.

Defendants' motions are based on the following contentions: (1) that this court has no jurisdiction of the subject matter of this action under any of the statutes cited by plaintiff and particularly in view of 26 U.S.C. § 7421, prohibiting injunctive proceedings to restrain the collection of a tax; and (2) that the complaint fails to state a claim upon which relief can be granted in that, the notice requirements of 26 U.S.C. § 6335 not having been complied with, the July 31, 1961 sale was void and could not convey any rights to plaintiff.

## I. THE COURT HAS JURISDICTION OF THE SUBJECT MATTER OF THIS ACTION.

■ The nature of this action is, essentially, to determine the question of title to certain shares of stock, seized and sold by the government under the tax laws of the United States to satisfy the tax liabilities of a taxpayer not here involved, as between plaintiff and conflicting claimants and, incidentally, for injunctive relief as against the Director of Internal Revenue. The court is of the opinion that jurisdiction in such a case may be predicated on 28 U.S.C. § 1340 [1] (formerly 28 U.S.C. § 41(5)) and 28 U.S.C. § 2463,[2] and that the United States, or its duly authorized agent, has consented to become a party to an action of this type by virtue of 28 U.S.C. § 2410.[3]

■ It is well settled in this Circuit that 28 U.S.C. § 2410 does not, of itself, confer jurisdiction upon the district courts, but, rather, presupposes the existence of some independent ground of federal jurisdiction. (Wells v. Long, 162 F.2d 842, 844 (9 Cir. 1947); Seattle Association of Credit Men v. United States, 240 F.2d 906, 908 (9 Cir. 1957); United States v. Coson, 286 F.2d 453, 455 (9 Cir. 1961); Gerth v. United States, 132 F.Supp. 894, 896 (D.C.S.D.Cal. 1955); Coson v. United States, 169 F. Supp. 671, 672–673 (D.C.S.D.Cal.1958); Jones v. United States, 179 F.Supp. 456, 458 (D.C.S.D.Cal.1959).) Where, however, an independent basis of federal jurisdiction exists, Section 2410 constitutes a waiver of sovereign immunity by the United States and a consent to be sued in quiet title actions arising out of tax sales. (Seattle Association of Credit Men v. United States, supra; Gerth v. United States, supra.) This is such an action. The fact that the District Director of Internal Revenue, Robert A. Riddell, and not the United States, has been named as defendant in this action does not undermine the applicability of Section 2410. The complaint clearly sets forth allegations to the effect that defendant Riddell acted in this matter as the duly authorized agent of the United States. The United States is the real party in interest and by Section 2410 has

---

1. "§ 1340. *Internal revenue; customs duties.* The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue, * * *."

2. "§ 2463. *Property taken under revenue law not repleviable.* All property taken or detained under any revenue law of the United States shall not be repleviable, but shall be deemed to be in the custody of the law and subject only to the orders and decrees of the courts of the United States having jurisdiction thereof."

3. "§ 2410. *Actions affecting property on which United States has lien.* (a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, * * * or in any State court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien. * * *"

consented to be sued. (Adler v. Nicholas, 166 F.2d 674, 679–680 (10 Cir. 1948); see also Gerth v. United States, supra, 132 F.Supp. at page 897.)

■■ 28 U.S.C. § 2463, on the other hand, does not presuppose an independent ground of federal jurisdiction but is itself a grant of jurisdiction in an appropriate case. (Seattle Association of Credit Men v. United States, supra, 240 F.2d 906, 909 (9 Cir. 1957); Gerth v. United States, supra, 132 F.Supp. 894, 896 (D.C.S.D.Cal.1955); see, also, Stuart v. Chinese Chamber of Commerce of Phoenix, 168 F.2d 709, 712 (9 Cir. 1948).) Where property is "taken or detained" under any revenue law, the District Court within whose district the property is located has jurisdiction to decide claims of title and to award possession of the seized property to the rightful owner. (Stuart v. Chinese Chamber of Commerce of Phoenix, supra; Seattle Association of Credit Men v. United States, supra; Gerth v. United States, supra.) In the case at bar, as in Stuart v. Chinese Chamber of Commerce, supra, Seattle Association of Credit Men v. United States, supra, and Gerth v. United States, supra, the property in issue was seized by agents of the Internal Revenue Service, pursuant to statutory authority (26 U.S.C. § 6331). Further, in the instant case, the property was purportedly sold pursuant to 26 U.S.C. §§ 6331 and 6335, although it is still being detained by defendant United States. Clearly, these shares of stock have been taken and are being detained under the revenue laws of the United States and, being located in this judicial district, are subject to the jurisdiction of this court.

Although the complaint on file herein does not plead 28 U.S.C. § 2463 as a basis for the court's jurisdiction, it may be amended in this regard (28 U.S.C. § 1653; and see Seattle Association of Credit Men v. United States, supra, 240 F.2d at pages 908–909), and the court hereby grants leave to plaintiff to file such amendment.

■ An additional independent basis for this court's jurisdiction may be found in 28 U.S.C. § 1340. This action involves a title dispute arising out of a purported tax sale held pursuant to 26 U.S.C. §§ 6331 and 6335, which are "Act[s] of Congress providing for internal revenue." It is well settled that where property is seized and detained under the tax laws, the district courts have jurisdiction over actions brought by the taxpayer, contesting the propriety of the levy (Coson v. United States, supra, 169 F.Supp. 671 (D.C.S.D.Cal. 1958), modified and affirmed United States v. Coson, supra, 286 F.2d 453 (9 Cir. 1961)), or by third parties, claiming that they, and not the delinquent taxpayers, are the rightful owners of the property seized. (Stuart v. Chinese Chamber of Commerce of Phoenix, supra, 168 F.2d 709 (9 Cir. 1948).) And it is also established that, although it is a general grant of jurisdiction, § 1340 will of itself support federal jurisdiction without recourse to a more specific jurisdictional statute. (United States v. Coson, supra, 286 F.2d 453, 456 (9 Cir. 1961).) In the case at bar, plaintiff, a non-taxpayer (as to the instant proceeding), contests, not the propriety or validity of the seizure of the property in issue, but the validity of a sale held pursuant to the revenue laws of the United States and the continued detention by the United States of property to which he claims title. Section 1340, together with 28 U.S.C. § 2410, confer jurisdiction upon this court to determine the question of title in such a case.

■■ Defendants contend that, even assuming the existence of some federal statute conferring jurisdiction in the case at bar, this court is deprived of that jurisdiction by virtue of 26 U.S.C. § 7421, which prohibits suits to restrain the assessment or collection of taxes. Although injunctive relief is an element in plaintiff's action, it is clear that § 7421 is inapplicable to a case of this type. (Stuart v. Chinese Chamber of Commerce of Phoenix, supra, 168 F.2d 709, 712 (9 Cir.

1948); see, also, Gerth v. United States, supra, 132 F.Supp. 894, 898 (D.C.S.D. Cal.1955); Seattle Association of Credit Men v. United States, supra, 240 F.2d 906, 909 (9 Cir. 1957).) As was pointed out in the Stuart case, " 'The revenue laws are a code or system in regulation of tax assessment and collection. They relate to taxpayers, and *not to nontaxpayers.*' " (Stuart v. Chinese Chamber of Commerce of Phoenix, supra, 168 F.2d, at page 712, quoting Long v. Rasmussen, 281 F. 236, 238 (D.C.Mont.1922).) Here, as in the Stuart case, the plaintiff is not a taxpayer protesting or attempting to reclaim an illegally assessed or collected tax. In Stuart, plaintiffs were third parties claiming erroneous seizure of their property to satisfy the tax liabilities of another; in the case at bar, plaintiff is a third party asserting illegality of a tax sale and illegal detention of property of which he is the rightful owner. Essentially, a question of title is in dispute, rather than one pertaining to the assessment or collection of a tax, and 26 U.S.C. § 7421 is no bar to the resolution of this issue in this court.

## II. THE COMPLAINT STATES A CLAIM UPON WHICH RELIEF MIGHT BE GRANTED.

In this action, plaintiff seeks a determination that title to certain property, now held by the United States, is in him and not in conflicting claimants, and a transfer to him of said property. Defendants strenuously urge that any claim of plaintiff arises out of a tax sale which was absolutely void as a matter of law and hence ineffective to convey any title whatever. There are no cases in point on this issue and the court concludes that, under the circumstances here presented, the sale of July 31, 1961, was voidable by the taxpayer, Dr. Furnish (in the absence of waiver), but not voidable by the government or the adverse claimants, or void as between this plaintiff and these defendants.

The defect in the sale of July 31, 1961, arose from the fact that, in publishing the notice of sale of the property, the defendant Riddell, agent for the United States, failed to give adequate notice to the taxpayer, Dr. Furnish, as prescribed by the provisions of 26 U.S.C. § 6335, relating to sales of property seized under the tax laws. At this first sale, plaintiff was high bidder and his bid, in the sum of $42,550, was accepted by the government. Apparently, the government subsequently discovered its failure to comply with the notice requirements vis-a-vis the taxpayer, took the position that the sale was absolutely void and ineffective to convey title and, over plaintiff's strenuous objections, held another sale on October 2, 1961, at which sale defendant Rosenberg was high bidder and his bid, in the sum of $65,010, was accepted by the government.

Between the two sales, and subsequently, plaintiff has made all possible attempts to assert his rights against the government, the conflicting claimants and the taxpayer. He has consistently tendered the balance of his bid, which has been rejected. In order to protect himself against possible claims by the taxpayer, resulting from the inadequate notice under § 6335, plaintiff, for valuable consideration, procured a waiver from the taxpayer. Plaintiff sought, unsuccessfully, to prevent the second sale from taking place until the merits of his claim could be determined. Finally, plaintiff appeared at the second sale and there gave notice to all prospective bidders of his claim of title to the property.

Defendants Rosenberg and Parkview Hospital have indicated an apparent willingness to settle this controversy with plaintiff. However, the government continues to assert its right to avoid the first sale and consummate the sale of October 2, 1961. The reason is obvious: the second sale, if upheld, will result in an additional $22,460 of revenue to the government.

In this situation, it appears obvious that the notice requirements of 26

U.S.C. § 6335 which were overlooked in connection with the first sale were intended to protect the taxpayer, by affording him an opportunity to appear and bid on the property. Failure to comply with these requirements gave the taxpayer a right to avoid the sale, a right which he appears to have relinquished for a valuable consideration. There is nothing whatever to suggest that these particular notice requirements were intended to protect the United States or third parties or that any sale conducted without full compliance therewith is absolutely void.

The court is unwilling, in the absence of any statutory or judicial authority, to permit the government to take advantage of its own error and realize a windfall on the basis of a requirement that was clearly intended to benefit a taxpayer, all at the expense of a claimant who appears at all times to have acted diligently and in complete good faith. The court therefore holds that, as among the parties to this controversy, the sale of July 31, 1961, could effectively convey rights to the plaintiff, which rights may be litigated before this court in a trial on the merits.

IT IS NOW THEREFORE ORDERED that the motion of defendant Riddell to dismiss is hereby denied.

IT IS FURTHER ORDERED that the motion of defendant Rosenberg to dismiss is hereby denied.

IT IS FURTHER ORDERED that the motion of defendant Parkview Hospital to dismiss is hereby denied.

IT IS FURTHER ORDERED that plaintiff's application for preliminary injunction is hereby granted, and the motion of defendant Riddell to dismiss and dissolve the temporary restraining order issued herein is hereby denied.

IT IS FURTHER ORDERED, on the court's own motion, that plaintiff is hereby granted leave to amend the complaint on file herein in order to allege jurisdiction on the basis of 28 U.S.C. § 2463.

IT IS FURTHER ORDERED that the Clerk shall this day serve copies of this Opinion and Order by United States mail upon the attorneys for the parties appearing in this cause.