Lottie ENGELBERG (Gartenlaub), Plaintiff,

v.

The PRUDENTIAL SAVINGS BANK, the United States of America, the United States Internal Revenue Service and Thomas E. Scanlon, District Director of the Internal Revenue Service for Brooklyn, New York, Defendants.

Civ. A. No. 63-C-160.

United States District Court
E. D. New York.
May 13, 1963.

Parisi & Louison, Brooklyn, N. Y., for plaintiff.

Joseph P. Hoey, U. S. Atty., E. D. New York, Brooklyn, N. Y., for defendants.

MISHLER, District Judge.

Motion for an order vacating a notice of levy upon a safe deposit box owned by plaintiff filed by the District Director of Internal Revenue, arising out of assessments made against Robert J. and Dorothy Carroll.

The second claim in the complaint states that plaintiff is the mother of Dorothy Carroll (taxpayer). Plaintiff rented a safe deposit box in defendant bank, The Prudential Savings Bank. On or about November 5, 1953, plaintiff executed a "Deputy Permit" which gave said Dorothy Carroll "access to, control of, and right to surrender and release [the box] and the contents thereof * * *." On or about January 25, 1963, a notice of levy was served which amounted to an "illegal, unlawful, improper and erroneous seizure * * * which restrained the bank from giving access to the said safe deposit box to the plaintiff herein." (par. Twenty-Third) Plaintiff prays for declaratory judgment vacating the levy.

The Government argues that the Court lacks jurisdiction.[1] Enochs v. Williams Packing & Navigation Co., Inc., 1962, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292.

---

1. Internal Revenue Code, 1954, § 7421, 26 U.S.C. § 7421.

The Government's brief cites the following from Enochs at 370 U.S. 7, 82 S.Ct. 1129:

"The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue."

The quotation is incomplete. The Court restated the principle enunciated in Miller v. Standard Nut Margarine Co., 1932, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422, i. e., that 26 U.S.C. § 7421(a) did not oust the Court of its equity jurisdiction. In language following the above quotation, the Court continued:

"* * * Nevertheless, if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and, under the Nut Margarine case, the attempted collection may be enjoined if equity jurisdiction otherwise exists. In such a situation the exaction is merely in 'the guise of a tax.' Id. [284 U.S.], at 509 [52 S.Ct. at 263]."

■ The Government's right to a lien against the safe deposit box rests solely on an agency created by the plaintiff, giving the taxpayer right of access, and the right to surrender and release the box and contents. No property rights were granted by the "Deputy Permit" executed on the bank's form. The authority granted was to be exercised by the agent (taxpayer) for the benefit of the principal (plaintiff). The Government's argument that because the taxpayer had access to the box, she could have placed property in it (the inference to be drawn therefrom is that the box *could* contain the taxpayer's property) is sheer speculation. The Court concludes, in the absence of any proof that the taxpayer had a proprietary interest in the box or in the contents, this Court has jurisdiction of an action to enjoin the collection of taxes, due from the taxpayer, out of the safe deposit box or its contents. In making this determination, the Court does not pass on the sufficiency of the claim.[2]

The Court finds that the application must be denied for other reasons. The right to summary relief was reviewed by the Supreme Court in New Hampshire Fire Insurance Co. v. Scanlon, 1960, 362 U.S. 404, 80 S.Ct. 843, 4 L.Ed.2d 826.[3]

2. The action is brought for declaratory judgment. The theory is expressed in the second paragraph of Twenty-Sixth of the complaint as follows:
"That by reason of the foregoing, the plaintiff seeks relief herein by declaratory judgment to vacate the notice of levy and the levy of the defendant, the United States of America by its agent, the United States Internal Revenue Service."

3. § 6331 states in part:
"(a) Authority of Secretary or delegate.—If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary or his delegate to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon *all property and rights to property* (except such property as is exempt under section 6334) *belonging to such person* or on which there is a lien provided in this chapter for the payment of such tax. * * *" [emphasis supplied]
"(b) Seizure and Sale of Property.—The term 'levy' as used in this title includes the power of distraint and seizure by any means. In any case in which the Secretary or his delegate may levy upon property or rights to property, he may seize and sell such property or rights to property (whether real or personal, tangible or intangible)."
§ 6332(a) states: "(a) Requirement.—Any person in possession of (or obligated with respect to) property or rights to property subject to levy upon which a levy has been made shall, upon demand of the Secretary or his delegate, surrender such property or rights (or discharge such obligation) to the Secretary or his delegate, except such part of the property or rights as is, at the time of such demand, subject to an attachment or execution under any judicial process."

The proceeding in that case was instituted by petition. The Circuit Court of Appeals of this Circuit affirmed the district court's dismissal of the petition, on the ground that the Court was without jurisdiction to entertain a summary proceeding. (S.D.N.Y.1959, 172 F.Supp. 392, aff'd 2 Cir., 267 F.2d 941). The Supreme Court, affirming this view, pointed to a motion under Rule 56 in a plenary action as a proper method for an expeditious determination of questions of title to property in a civil action.

Plaintiff properly instituted a plenary action. To grant the relief requested in this motion would, in effect, be affording the plaintiff the relief demanded in the action. New Hampshire Fire Insurance Co. v. Scanlon, supra, teaches that such relief may only be granted by judgment in the action.

Motion denied. Settle order on two (2) days notice.