11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

DRWSEA, Inc.

Appellant

Vs.                   No.
11-02-00301-CV B Appeal from Dallas County

Trinity Meadows Properties, Inc.

Appellee

 

This
dispute over title to real property is between the purchaser at an Internal
Revenue Service tax sale (Trinity Meadows Properties, Inc.) and  DRWSEA, Inc., which claims its interest in
the real property by virtue of various quitclaim deeds originating with the
executor of the taxpayer=s estate.  The trial court
granted Trinity=s motion for summary judgment, denied DRWSEA=s motion for summary judgment, and quieted
title in Trinity.  We affirm.

DRWSEA
brings two points of error.  In the
first point of error, DRWSEA argues that the trial court erred when it granted
summary judgment to Trinity.  In its
second point of error, DRWSEA claims that the trial court erred when it did not
grant summary judgment to DRWSEA. 

When
reviewing a traditional motion for summary judgment, the following standards
apply: (1) the movant for summary judgment has the burden of showing that there
is no genuine issue of material fact and that it is entitled to judgment as a
matter of law; (2) in deciding whether there is a disputed material fact issue
precluding summary judgment, evidence favorable to the non‑movant will be
taken as true; and (3) every reasonable inference must be indulged in favor of
the non‑movant and any doubts resolved in its favor.  TEX.R.CIV.P. 166a; Goswami v.
Metropolitan Savings and Loan Association, 751 S.W.2d 487, 491 (Tex.1988); Nixon
v. Mr. Property Management Company, Inc., 690 S.W.2d 546, 548‑49
(Tex.1985); City of Houston v. Clear Creek Basin Authority, 589 S.W.2d
671, 676 (Tex.1979).








A trial
court must grant a motion for summary judgment if the moving party establishes
that no genuine issue of material fact exists and that he is entitled to
judgment as a matter of law.  Rule
166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471
(Tex.1991).  Once the movant establishes
a right to a summary judgment, the non‑movant must come forward with
evidence or law that precludes summary judgment. City of Houston v. Clear
Creek Basin Authority, supra at 678‑79.  When reviewing a summary judgment, the appellate court takes as
true evidence favorable to the non‑movant.  American Tobacco Company, Inc. v. Grinnell, 951 S.W.2d
420, 425 (Tex.1997); Nixon v. Mr. Property Management Company, Inc.,
supra at 548‑49.

The
summary judgment evidence shows that the IRS held a tax lien against Mary H.
Winters.  After her death, Winters=s executor, George Fuller, requested that the
IRS conduct a tax sale upon real property in the estate to satisfy the
lien.  There were no other assets in the
estate.  The IRS scheduled the sale for,
and held it on, March 9, 1999. 

Prior to
the sale, DRWSEA=s attorney, Donald R. Williams, contacted
Fuller and talked with him about the property. 
In addition to his employment as DRWSEA=s attorney, Williams also represented an entity, Woodven, L.P., through
which DRWSEA claims its interest in this property.  Williams was also the Director of the Clinical Tax Program at a
law school, had written several articles and training manuals, was an owner of
the stock of DRWSEA, and was also retired from the IRS after working there for
25 years.  Williams attended the March 9
sale and bid $200,000.00 for the property on behalf of his client,
Woodven.  Trinity made the highest bid
for the property, $301,500.00.  Taxes
due to the IRS totaled $339,713.23; property tax liens on the property totaled
$25,614.96.  The IRS estimate of the
value of the property was $311,311.00.

Two days
after the tax sale, Fuller, for a consideration of $5,700 paid to him by
Woodven, executed a quitclaim deed to Woodven in which Fuller attempted to
convey the real property at issue. Fuller also attempted to convey the right to
redeem the property from the tax sale. 
Attempts were made to correct various errors in these deeds.  A discussion of those errors and corrections
is not necessary to a resolution of this appeal.  DRWSEA claims its interest by virtue of a quitclaim deed executed
by Woodven on May 4, 2001, in consideration for an assignment to Woodven by
DRWSEA of a portion of the proceeds of this lawsuit.  26 U.S.C.A. ' 6337(b)(1) (West 2002) provides that, after property has been sold,
the owner, or another with an interest, may redeem it within 180 days after the
sale.  Redemption is accomplished by
payment to or for the benefit of the purchaser at the sale of the amount of the
purchase price plus interest at the rate of 20 percent per annum.  26 U.S.C.A. ' 6337(b)(2) (West 2002).  
DRWSEA did not redeem this property. 








DRWSEA
brought this suit seeking to have the tax sale declared void and to have title
quieted in it.  DRWSEA also asked the
trial court to remove Trinity=s deed as a cloud on DRWSEA=s title and sought damages.  

The
essence of the argument by DRWSEA in its first point of error is that the
various notices given by the IRS did not meet one or more of the provisions of
26 U.S.C.A. ' 6335(a) & (b) (West 2002).  Section 6335(a) & (b) govern the manner
and content of the notices which are to be given by the IRS in connection with
the seizure and sale of property. 
DRWSEA points to many alleged problems with the notices in this
case.  However, we do not reach those
matters because we find that DRWSEA is not in a position to claim the
protections afforded by Section 6335(a) & (b).

The
protections provided in Section 6335(a) & (b) are for the benefit of the
taxpayer, not the government, a third party, or the public interest.  Koby v. The United States, 47 Fed.
Cl. 99 (2000).  The purpose of the
Section 6335(a) & (b) requirements is to afford protection to a taxpayer
who is about to lose her property by providing her the opportunity to be
present at the sale and to bid on the property.  Reece v. Scoggins, 506 F.2d 967 (5th Cir. 1975).  If the IRS fails to provide proper notice
pursuant to Section 6335(a) & (b), then the tax sale is voidable at the
option of the taxpayer, not the government or a third-party adverse
claimant.  Koby v. The United States,
supra; Bartell v. Riddell, 202 F. Supp. 70, 75 (S.D. Cal., Cent.
Div. 1962).  The cases relied upon by
DRWSEA are distinguishable in that, though they contain general statements of
the law in this area, the results arise because the cases involve claims
asserted by the taxpayer.  Aqua Bar
& Lounge, Inc. v. United States Department of Treasury Internal Revenue
Service, 539 F.2d 935 (3rd Cir. 1976); Reece v. Scoggins, supra.

Assuming
without deciding that the IRS failed to comply strictly with the notice
requirements of Section 6335(a) & (b), the tax sale would be voidable only
at the option of the taxpayer.  DRWSEA
is not the taxpayer.  Because it is not
the taxpayer, as a matter of law, any defective notice would not result in a
tax sale that is voidable by DRWSEA.

In its
second point of error, DRWSEA continues to assert arguments directed at the
notices which were issued by the IRS. 
We have dealt with those arguments in our discussion of DRWSEA=s first point of error and need not repeat
them here.








Additionally,
DRWSEA generally points out that in many particulars, including the payment of
the purchase price, the sale was not conducted in the proper manner and as it
was advertised.  Again, 26 U.S.C.A. ' 6335 (West 2002) is written to protect the
taxpayer.[1]


The other
procedures contained in Section 6335 are no less for the benefit of the
taxpayer than the notice provisions. 
The taxpayer should be able to expect the IRS to sell her property as
soon as possible to prevent waste, deterioration, and other diminutions in
value, as well as to stop the accrual of interest on the tax bill.  See, e.g., United States v. Pittman, 449
F.2d 623 (7th Cir. 1971).  We hold that
not only the notice provisions of Section 6335, but also its remaining
provisions, are for the benefit of the taxpayer and that it is the taxpayer=s option alone to attempt to void the tax
sale.  Because DRWSEA is not the
taxpayer, as a matter of law, it may not attack the sale on the grounds that
the IRS did not comply with Section 6335 as it applies to terms, conditions,
and manner of the sale. 

Trinity
has raised many other legal issues that, among other things, pertain to
estoppel, ratification, and waiver.  We
need not reach a discussion of those matters. 
For the reasons that we have stated, the trial court did not err when it
granted Trinity=s motion for summary judgment nor did it err
when it denied DRWSEA=s motion
for summary judgment.  DRWSEA=s first and second points of error are
overruled.

The
judgment of the trial court is affirmed.

 

JIM
R. WRIGHT

JUSTICE

October 30, 2003                                                                                

Not designated for
publication.  See TEX.R.APP.P.
47.2(a).     

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.











[1]See generally the explanation in Internal Revenue
Manual 5.17.3.3.7.3.4 wherein it is acknowledged that the Internal Revenue Code
provisions relating to the sale of seized property, found in Section 6335, are
meant to protect the taxpayer; a sale is not void because of noncompliance with
the provisions of Section 6335, but it is voidable by the taxpayer; the
government cannot on its own resell property because it did not comply with the
provisions regarding sale, citing Bartell v. Riddell, supra; United States
v. Conry, 74-1 U.S.T.C. 9187 (N.D. Cal. 1973); and government cannot on its
own, under Section 6335 or any other section of the Internal Revenue Code,
rescind a procedurally defective sale.