**John L. TOMPKINS, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. 1249.**

United States District Court
S. D. Texas,
Brownsville Division.

Feb. 20, 1959.

C. S. Eidman, Jr., Brownsville, Tex., for plaintiff.

William B. Butler, U. S. Atty., John H. Baumgarten, Asst. U. S. Atty., Houston, Tex., for defendant.

ALLRED, District Judge.

Action against the United States purportedly under the provisions of 28 U.S. C.A. § 2410 to clear title to real estate and to cancel and extinguish tax liens fixed thereon by the United States.

Plaintiff had conveyed the property to the Padre Island Beach Development

Corporation (hereafter called the Padre Island Company) in November, 1956, retaining a vendor's lien secured by deed of trust and chattel mortgage liens. Subsequent deeds of trust[1] were executed by the Padre Island Company to secure other loans and advances by plaintiff.

The Padre Island Company defaulted and on November 4, 1958, plaintiff bought the property at a trustee's sale. The government is alleged to have attached its tax liens between Feb. 28, 1958 and October 30, 1958. Plaintiff alleges that these liens are subsequent and inferior to its vendor's and deeds of trust liens.

The Government moves to dismiss on the ground that the action is not properly brought under 28 U.S.C.A. § 2410, reading as follows:

"(a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter, to quiet title to or for the foreclosure of a mortgage or other lien upon real or personal property on which the United States has or claims a mortgage or other lien." As amended July 7, 1958.

It is to be noted that the foregoing does not expressly state, as do other statutes conferring jurisdiction, that "the district courts shall have * * *

jurisdiction" in certain civil actions against the United States.[2] The weight of authority is that Section 2410 does not support an independent suit against the United States in Federal Court where no other grounds for federal jurisdiction exist;[3] the theory being that Section 2410 is simply a waiver of immunity by the Government in specified cases, not a grant of jurisdiction.

Plaintiff cites a number of authorities to support its contention that an action in the nature of a suit to quiet title may be brought independently in federal court against the United States alone under Section 2410 of Title 28 U.S.C.A.[4] Greatest reliance is placed upon Trust Company of Texas v. United States, supra. That suit, however, was brought after leave of the court was secured, under Section 136 of Title 26 U.S.C.A., R.S. § 3207, the predecessor of present Sections 7403 and 7424 of Title 26 U.S.C.A. Section 7424 of Title 26 expressly confers authority to bring suit, with leave of the Court, against the United States to clear title and extinguish liens, provided a request has first been made of, and refused by, the Secretary of the Treasury that he authorize the filing of an action under section 7403.

Judge Kennerly held in the Trust Company case: (1) that the court had jurisdiction of an action to clear title without ordering a judicial sale and distribution of proceeds; and (2) that a sale of Texas real estate under powers conferred by a deed of trust extinguishes all subsequent liens, including a lien of

1. Three deeds of trust were filed for record on the following dates to secure the following amounts: (1) Oct. 30, 1956,—$35,000; (2) Jan. 11, 1957,—$70,000; (3) May 28, 1957,—$85,000. Two other advances, one for $85,000 and the other for $66,000, on April 18, 1957, allegedly were secured by deeds of trust but there is no allegation they were recorded.

2. Cf. 28 U.S.C.A. §§ 1346, 1347.

3. Wells v. Long, 9 Cir., 162 F.2d 842; Seattle Ass'n of Credit Men v. United

States, 9 Cir., 240 F.2d 906; Tamco, Inc., v. United States, D.C., 162 F.Supp. 534; Viviano v. United States, D.C., 105 F. Supp. 312.

4. Trust Co. of Texas v. United States, D.C., 3 F.Supp. 683; Jones v. Tower Production Co., 10 Cir., 138 F.2d 675; Ansonia Nat. Bank of Ansonia, Conn. v. United States, D.C., 147 F.Supp. 864; Fried v. New York Life Ins. Co., D.C., 124 F.Supp. 345; Miners Sav. Bank of Pittston, Pa. v. United States, D.C., 110 F.Supp. 563.

the United States for income tax. Judge Kennerly did not discuss the question of jurisdiction under section 2410 of Title 28 which did not exist in its present form in 1933, when the Trust Company opinion was written. That Act (former section 901, of Title 28) then only applied to suits brought "for the foreclosure of a mortgage or other lien upon real estate for the purpose of securing an adjudication touching any mortgage or other lien the United States may have or claim on the premises * * * involved." It was amended by the Act of December 2, 1942, 56 Stat. 1026, to authorize joinder of the United States in any suit *to quiet title*, then pending, or which might thereafter be brought, in any United States district court * * * *having jurisdiction of the subject matter.*

That amendment was the basis for the holding in Jones v. Tower Production, supra, that the United States *could be joined as a party in a case already pending.* Although diversity of citizenship is not discussed in that case, it must be presumed that it did exist; and Jones v. Tower Production, although here relied upon by plaintiff, is, in my judgment, in line with the holding in Wells v. Long and the other cases cited in footnote 3, supra, that section 2410 is merely a waiver of immunity, not a grant of jurisdiction, and presupposes independent jurisdiction.[5]

Defendant's motion to dismiss is granted but plaintiff may amend so as to authorize the bringing in of the Padre Island Company and Jane B. Hart as defendants, since diversity is claimed. If the United States is joined in the amended pleading, I believe the Court will have jurisdiction under section 2410.

The Clerk will notify counsel.

5. The other cases cited by plaintiff are distinguishable. Fried v. New York Life Ins. Co. and Miners Sav. Bank of Pittston, Pa. v. United States, supra, were cases *removed* by the United States from a state court *having jurisdiction* of the subject matter. I do not regard Ansonia National Bank of Ansonia, Conn. v. United States, supra, as authoritative.