**Ann GUTTMAN, Plaintiff,**

v.

**UNITED STATES of America, District Director of Internal Revenue for the Brooklyn District, and the Prudential Insurance Company of America, Defendants.**

No. 61–C–339.

United States District Court
E. D. New York.

June 22, 1961.

Siegelbaum & LoPresti, New York City, for plaintiff.

Joseph P. Hoey, U. S. Atty., Brooklyn, N. Y., Jon E. Hammer, Brooklyn, N. Y., of counsel, for defendant, United States of America.

Levine & Schechter, New York City, for defendant, Prudential Ins. Co. of America.

MISHLER, District Judge.

This is a motion made by the defendants, the United States of America and District Director of Internal Revenue for the Brooklyn District, for an order dismissing the complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the grounds (1) that the Court lacks jurisdiction over the subject matter, (2) plaintiff seeks relief which is barred by Title 28 U.S.C. § 2201, (3) that the United States of America has not consented to the jurisdiction in this proceeding and (4) that the complaint fails to state a claim upon which relief can be granted.

The parties have, since the argument of the motion, agreed that the complaint may be amended so that the claim stated allege (1) that a justiciable controversy exists between citizens of different States in an amount in excess of $10,000 and (2) that the United States of America is named a party defendant pursuant to Title 28 U.S.C. § 2410.

The prayer for relief in the amended complaint (directed by the Court) is that the Court order and direct the defendant, the Prudential Insurance Company of America, to pay the sum of $20,000 and interest from the date the obligation accrued in favor of the plaintiff and quiet plaintiff's title to the proceeds of

the policy as against the alleged liens of the United States of America and the District Director.

Plaintiff states in her claim that she is the beneficiary of a life insurance policy in the sum of $20,000 issued on the life of one Seymour Guttman by the defendant, the Prudential Insurance Company of America. The claim further alleges that the United States of America through its District Director of Internal Revenue filed liens with the said defendant, the Prudential Insurance Company of America, based on assessments as follows:

An assessment against the plaintiff and the decedent for the years 1948 and 1949.

An assessment against the decedent for the year 1947.

An assessment against the decedent and one Abe Weinstein for the portion of the year from March 1954 to September 1954.

Plaintiff alleges she never signed the income tax returns for the years 1948, 1949, upon which the assessment for the said years was made against her and the decedent.

Title 28 U.S.C. § 2410(a) states in part "* * * the United States may be named a party in any civil action or suit in any district court or in any State Court having jurisdiction of the subject matter to quiet title to * * * personal property on which the United States has or claims a mortgage or other lien."

█ Section 2410(a) did not give the District Court jurisdiction over new subject matter; the Section rather was a consent by the Government to submit to the jurisdiction of the Court in those cases where the Court already had jurisdiction over the subject matter. Where that subject matter concerned itself with the determination of title to real and personal property, the Section intended no more than a waiver of immunity by the Government. Pipola v. Chicco, D.C., 169 F.Supp. 229, 232, modified on other grounds 2 Cir., 274 F.2d 909; Haldeman v. United States, D.C., 93 F.Supp. 889.

From the language of the complaint as amended, it would appear that the jurisdiction of this Court is based on Title 28 U.S.C. §§ 1332 and 2201.

█ Assuming all the allegations of the complaint as amended to be true, as the Court must, in an attack upon the sufficiency of the claim, I view this action as seeking to determine title to the proceeds of the insurance policy. Whether the lien of the Government attaches to the fund is an issue that this Court may decide. The Court will not thereby decide the amount of the assessment, the manner of the determination, or the right of the Government to collect in accordance with its liens and notices of levy. Remis v. United States, 1 Cir., 273 F.2d 293, 296; Coson v. United States, D.C., 169 F.Supp. 671.

Upon the death of Seymour Guttman, plaintiff was entitled to the proceeds of the insurance policy. Plaintiff, in effect, alleges that the two liens based on assessments made against the decedent, and also the decedent and one Abe Weinstein are not properly liens against the fund. An adjudication sustaining the plaintiff's claim would not affect the assessments made. Similarly, if the tax liability of the plaintiff was solely based on her execution of the joint return upon which the assessment was founded, her right to adjudicate title to the proceeds of the policy should not be frustrated by characterizing the issue as a tax controversy. If the lien based on such an assessment be clearly and patently invalid and only in form a claim against the proceeds, this Court should "quiet title" and declare such lien to be ineffective as against the right of the plaintiff. Coson v. United States, D.C., 169 F.Supp. 671.

The Court directs service of an amended complaint to be submitted to the Court at the time of the submission of the order hereinafter provided.

Motion denied. Settle order on two days' notice.