Kenneth BAKER and Audrey Catherine Baker

v.

J. C. PENNEY COMPANY, INC., d/b/a Treasury Drug Center, Howard, Stanley Purser, Clarence Benford, and J. C. Schlicker.

Civ. A. No. 78–1768 A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 15, 1980.

Alvin T. Wong, Atlanta, Ga., for plaintiffs.

A. Terry Sorrells, Carter, Ansley, Smith & McLendon, Atlanta, Ga., for defendants.

## ORDER

VINING, District Judge.

On June 4, 1977, while the plaintiffs were on the premises of Treasury Drug Center, Kenneth Baker had verbal exchanges with Howard Stanley Purser, a Treasury Drug security guard. This confrontation lead to the arrest of both plaintiffs by J. C. Schlicker and Clarence Benford, two Atlanta police officers who responded to a call for assistance; Wanda Marie Schurtz, a Treasury Drug employee, also aided in the arrest. Upon arrest, Kenneth Baker was charged with aggravated assault on a police officer, simple battery, criminal trespass, obscene and abusive language, and creating a turmoil; Audrey Baker was charged with aggravated battery on a police officer, obstruction of an officer, and creating a turmoil. The plaintiffs allege that en route to the city jail, defendants Schlicker and Benford physically abused Kenneth Baker.

On February 8 and 9, 1978, Kenneth Baker was prosecuted for two counts of simple battery and one count of simple assault; Audrey Baker was prosecuted for obstruction of an officer and simple battery. At the close of the state's evidence, the court directed a dismissal as to all counts in favor of the Bakers.

In October 1978, the Bakers filed this complaint against J. C. Penney, Howard Stanley Purser, Wanda Marie Schurtz, J. C. Schlicker, and Clarence Benford. The plaintiffs have dismissed Wanda Marie Schurtz as a party–defendant, and on September 2, 1980, filed a dismissal as to Howard Stanley Purser, "individually, except for the claims which Plaintiffs may have against Defendant PURSER for his violation of Plaintiffs' rights under Title 42, U.S.C., § 1983." Although denominated as a dismissal against Purser "individually," the court notes that there would be no section 1983 claim against Purser in his capacity as an employee and agent of J. C. Penney, and the court will treat the dismissal as dismissing all claims against Purser in any capacity except those stated against him under section 1983. Under Rule 41(a), Federal Rules of Civil Procedure, the dismissal is not effective except upon order of the court. However, this dismissal is unopposed, and the court hereby DISMISSES the action against Purser except for the section 1983 claims against him.

The remaining issue before the court is one involving jurisdiction. Both plaintiffs are citizens of the State of Georgia; J. C. Penney is incorporated under the laws of the State of Delaware with its principal place of business in a state other than Georgia; and defendants Schlicker and Benford are citizens of the State of Georgia. The claims against Schlicker, Benford, and Purser are for violations of the plaintiffs' civil rights; the claims against J. C. Penney are grounded in state law and are for illegal arrest, false imprisonment, malicious prosecution, and failure to keep its premises safe.

J. C. Penney contends that diversity jurisdiction does not lie, since the requirement of complete diversity between all plaintiffs and all defendants as first enunciated in *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1906), is not met in this case. To support its position, J. C. Penney cites *Owen Equipment and Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978), in which the Court stated, "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." Although J. C. Penney urges the court to apply the plain and literal meaning of this language, the court believes that this language must be read in context with the Congressional purpose and judicial interpretations of the diversity requirement. Additionally, the court must consider the language of the jurisdictional statute itself, 28 U.S.C. § 1332(a)(1).

In recent years the Supreme Court has refused to expand federal court jurisdiction over pendent and ancillary state claims. *Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976); *Zahn v. International Paper Co.*, 414 U.S. 291, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973). Most of the recent Supreme Court and courts of appeals cases involving diversity, pendent, and ancillary jurisdiction have arisen because of the third party practice provided for by the Federal Rules of Civil Procedure. In these cases the plaintiff has attempted to sue in federal court a third party over whom he would not otherwise be able to acquire federal jurisdiction. *See Ortiz v. United States*, 595 F.2d 65 (1st Cir. 1974); *Fawvor v. Texaco, Inc.*, 546 F.2d 636 (5th Cir. 1977); *Kenrose Manufacturing Co. v. Fred Whitaker Co.*, 512 F.2d 890 (4th Cir. 1972).

In the case *sub judice*, however, the plaintiffs have an independent basis of federal jurisdiction over each of the defendants: in the claim against J. C. Penney only, the plaintiffs would be able to assert diversity jurisdiction under 28 U.S.C. § 1332(a)(1), and as to Purser, Schlicker, and Benford, the plaintiffs would be able to assert civil rights jurisdiction under 28 U.S.C. § 1343(3). The question before the court resolves itself into whether jurisdiction over this case is destroyed simply be-

cause the plaintiffs have chosen to join their different causes of action against these different defendants in one suit.

Under the diversity statute, the court does not have jurisdiction if the "matter in controversy" is not between citizens of different states. The anomalous result of not allowing a plaintiff to do in one federal suit what he would be entitled to do in two separate federal suits need not occur when the structure of the case before the court is analyzed. Although arising out of a common nucleus of operative facts, this suit actually involves two matters in controversy: (1) the alleged illegal arrest, false imprisonment, malicious prosecution, and premise liability (found in Counts 2, 3, and 4 of the complaint), and (2) the alleged deprivation of the plaintiffs' civil rights (found in Counts 5 and 6 of the complaint). In the "matter in controversy" involving the state law claims and in which the plaintiffs assert diversity jurisdiction, there is complete diversity. It is only in the civil rights controversy that complete diversity does not exist, but diversity is not required to invoke federal jurisdiction over that matter. The court concludes, therefore, that it does have jurisdiction over this suit.

■ This result in no way enlarges the court's diversity jurisdiction nor does it run contrary to the Supreme Court's requirement of complete diversity, for even in *Aldinger* the Supreme Court declined to place diversity jurisdiction on a procrustean bed and recognized that "[o]ther statutory grants and other alignments of parties and claims might call for a different result." 427 U.S. at 18, 96 S.Ct. at 2422. When asserting jurisdiction under 28 U.S.C. § 1332(a)(1), a plaintiff must still show complete diversity between himself and the defendant or defendants being sued on that jurisdictional basis; it is only when there is an independent basis of original federal jurisdiction (as opposed to pendent or ancillary jurisdiction) against non–diverse parties, said parties not being indispensable to adjudication of the diversity cause of action, that diverse and non–diverse defendants may be joined in the same action.

■ J. C. Penney makes the further argument that should this court find there is diversity jurisdiction, that such jurisdiction did not exist until the plaintiffs' diversity claims against defendant Purser were dismissed. J. C. Penney argues that since the court did not have jurisdiction over J. C. Penney until this dismissal and since the statute of limitations will now have run against J. C. Penney, the action should be dismissed as time–barred. J. C. Penney cites no authority for this proposition, and this court concludes that a dismissal of the non–diverse defendants will perfect jurisdiction and relate back to the time of the filing of the suit. *O'Neal v. National Cylinder Gas Co.*, 103 F.Supp. 720 (N.D.Ill.1952). As the Fifth Circuit has noted, "Nonindispensible parties may be dropped on motion or by order of court to achieve the requisite diversity of citizenship." *Ray v. Bird and Son and Asset Realization Co.*, 519 F.2d 1081, 1082 (5th Cir. 1975); *see also Caperton v. Beatrice Pocahontas Coal Co.*, 585 F.2d 683 (4th Cir. 1978); *Jett v. Phillips & Associates*, 439 F.2d 987 (10th Cir. 1971).

For the foregoing reasons, the court declines to dismiss for lack of jurisdiction.