PACIFIC MUTUAL LIFE INSURANCE COMPANY, a California Corporation, the Paul Revere Life Insurance Company, a Massachusetts Corporation, Plaintiffs,

v.

AMERICAN NATIONAL BANK & TRUST COMPANY OF CHICAGO, as Trustee, Arlington Place Partners, Arlington Place II Limited Partnership, Douglas W. Dodds, Isgo Corporation, the Levy Company, P. Schubert and Sons, Inc., V.A. Smith Company, and Harry Yourell, Defendants.

Richard GRAY, Mary L. Gray and Allen S. Musikantow, Defendants-Intervenors and Third-Party Plaintiffs,

v.

Douglas W. DODDS, Bruce H. Dodds, Executive Building Services, Inc., Sierraville Corporation, N.V., and Manhattan Realty Group, Inc., Third-Party Defendants.

No. 86 C 0203.

United States District Court,
N.D. Illinois, E.D.

April 3, 1986.

Eric A. Oesterle, Sonnenschein, Carlin, Nath & Rosenthal, Lionel G. Gross/William P. Caputo (Intervenors), Altheimer & Gray, Chicago, Ill., for plaintiffs.

John Klich/Joseph Sanders, Chicago, Ill., Dennis Buyer, Buyer & Scherb, Niles, Ill., Malcolm S. Kamin/Thomas F. Sax, Arvey, Hodes, Costello & Burman, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This is a mortgage foreclosure suit involving real property owned and controlled by interlocking partnerships. Several individuals who are limited partners of one of the partnerships have moved to intervene as of right under Fed.R.Civ.P. 24(a)(2), seeking both to defend the foreclosure and to cross-claim against the general partner. Both the plaintiff mortgagor ("Pacific Mutual") and the defendant general partner oppose intervention, relying primarily on *Meridian Homes Corp. v. Nicholas Pras-* sas & Co., 683 F.2d 201 (7th Cir.1982). The limited partners, however, argue that *Lake Investors Development Group v. Egidi Development Group,* 715 F.2d 1256 (7th Cir.1983), compels intervention. This is a difficult case because it straddles both of these Seventh Circuit cases. For reasons stated below, we reach a result which draws its essence from both cases: the limited partners will be allowed to intervene for *the sole purpose* of defending the mortgage foreclosure suit; however, they are denied leave to file their state law "third-party complaint" (which as described later is really a cross-claim), since it is essentially unrelated to the foreclosure action and thus outside of the court's ancillary jurisdiction.

In considering the motion to intervene, we assume that the non-conclusory allegations of the motion are true. *See, e.g., Lake Investors,* 715 F.2d at 1258. The facts recited below over-simplify the real alleged facts, but are accurate for purposes of the pending motion.[1] The intervenors have invested up to $1.3 million, as limited partners, in a partnership whose purpose was to develop real property which is now the subject of this foreclosure action. They are the principal capital investors. In managing the partnership, the sole general partner gave a mortgage on the property to Pacific Mutual and, according to Pacific Mutual's complaint, defaulted. The limited partners accuse the general partner of numerous breaches of fiduciary duty over the course of his tenure. They say he has also been busy lately trying to make himself judgment proof, and because of this and his only nominal investment in the partnership, he has no reason to zealously defend this suit. Not only do they seek to intervene to defend the foreclosure, the limited partners have sought leave to add a "third-party complaint" against the general partner and others for breach of fiduciary duty. This claim is on its face not closely related to the issues in the main suit, and indeed, is

1. For example, for simplicity we have collapsed some interlocking partnerships into one, with the intervenors as limited partners in that partnership. This simplification does not bear on the analysis of the intervention issue.

allegedly contingent on foreclosure being awarded in the main suit.

The limited partners must meet four requirements in order to intervene as of right:

(1) Their petition must be timely;

(2) The intervenors must have an interest relating to the property or transaction which is the subject of the main action;

(3) As a practical matter, that interest must be potentially impaired by disposition of the action in their absence;

(4) That interest may not be adequately represented by existing parties.

*See* Rule 24(a)(2); *United States v. 36.96 Acres of Land,* 754 F.2d 855, 858 (7th Cir. 1985). For intervention to be allowed, each element must be satisfied. *Id.*

■ There is no dispute as to the timeliness element. Nor is there any real dispute as to the fourth element, "adequacy of representation." This standard is lenient and is satisfied if movants make a minimal showing that existing parties' representation of their interest "may be" inadequate. *See Lake Investors,* 715 F.2d at 1261. Taking as true the limited partners' allegations about the general partner, we find that his representation plainly may be "inadequate." [2]

■ The parties have fought their battle over elements (2) and (3). In addressing these elements, we will first confine our inquiry to the limited partners' desire to intervene as defendants for the purpose of defending the foreclosure suit. With respect to element (2), it is clear that the limited partners have "an interest relating to the property" being foreclosed upon. But while having an interest is necessary, it is not sufficient. The intervenors must have a "direct, significant and legally protectable 'interest' in the property at issue."

*Keith v. Daley,* 764 F.2d 1265, 1268 (7th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 383, 88 L.Ed.2d 336 (1985); *Lake Investors,* 715 F.2d at 1259; *Meridian,* 683 F.2d at 204. The "impairment" question overlaps the "interest" issue. We must determine whether, "as a practical matter," a decision on foreclosure issues in this suit would in turn "foreclose" (in, of course, a different sense) the limited partners' rights in a later proceeding. *See Lake Investors,* 715 F.2d at 1260; *Meridian,* 683 F.2d at 204. "Foreclosure" in the second sense is measured in terms of *stare decisis. Id.*

■ The intervenors argue that their interest in the property is certainly direct and significant; they have sunk over $1 million into the partnership whose *raison d'etre* is developing that property. Moreover, foreclosure would, as a practical matter, cripple their investment. While they would not lose any legal rights against the general partner, they say he is nearly judgment-proof, and so without the property they have lost everything of value. A subsequent suit against him vindicating those legal rights would be futile, they say, producing only a pyrrhic victory, a bankrupt judgment. In that sense, a foreclosure order in this suit would as "a practical matter" impair their interest in the property.

The present parties respond that the limited partner's interest is too indirect to support intervention. They point out that the only issues in the suit are whether the mortgage is valid and enforceable, and whether it is in default. As limited partners, the intervenors hold only a personal property interest in the real property at issue, *see* Ill.Rev.Stat. ch. 106½, § 61 (1983). Moreover, limited partners are in general not proper parties to suits against the partnership. *See* Ill.Rev.Stat. ch. 106½, § 69 (1983).[3] They cannot manage the

---

**2.** This finding is reinforced by the allegations contained in the limited partners' "Emergency Supplement" to their motion, which they filed as the Court was finishing this opinion. That Supplement, however, does not add anything to the request to file the cross-claim, which is described below at 277.

**3.** That section reads:

A contributor, unless he is a general partner, is not a proper party to proceedings by or against a partnership, except where the object is to enforce a limited partner's right against or liability to the partnership.

partnership; just about all they can do is share in its profits. *See* Ill.Rev.Stat. ch. 106½, §§ 50, 53 (1983). Thus, conclude Pacific Mutual and the general partner, the limited partner's interest in the precise issues in this suit is remote rather than direct. Further, they argue that foreclosure does not preclude any of the legal rights against the general partner, although they concede that it could seriously depress the value of their interest.

As we noted earlier, this case is quite like both *Meridian Homes* and *Lake Investors*. Below we will describe those cases and our reasons for holding that in relevant respects this case tilts closer to *Lake Investors* and that limited intervention is therefore proper.

*Meridian* involved an action to dissolve a joint venture. Primarily at issue was whether the purpose of the joint venture had been fulfilled. The proposed intervenors were two brothers who had inherited an undivided one-half interest in the defendant corporation's rights to the property that was the heart of the joint venture. The Seventh Circuit held that the brothers had failed to meet both the "interest" and the "impairment" elements of Rule 24. First, it reasoned that the brothers' interest in the subject matter of the suit was "indirect." While they had an "economic" interest in the profits of the joint venture, they would enjoy that interest whether or not the venture was dissolved in the suit. Management of the venture and its continued existence would surely *affect* their profits, but these were not deemed to be matters in which they had a "direct and substantial" interest. They were non-partners, whose legal interest was limited to a share of profits, not to the continuance or dissolution issue which lay at the heart of the suit. Second, the court held that the decision on the status of the joint venture might "affect" the brothers' interest, but it would not impair a breach

of fiduciary duty suit they had brought against the defendant. Finally, the court held that the brothers' interest in the suit coincided with defendant's, and that defendant would adequately protect their interests.

Pacific Mutual correctly points out that this suit resembles *Meridian* in some ways. Like the brothers, the limited partners have "an economic" interest in the suit, an interest in profits from the joint venture. They have no management rights either as limited partners. Moreover, resolution of the foreclosure will not, as a legal matter, impair their legal claims in the fiduciary duty suit. But this suit is not *Meridian's* clone. Unlike the brothers, the limited partners *are* "partners," and thus have a somewhat greater legal interest in the property at issue, albeit a "personal property" interest. Moreover, their economic interest is far greater than that of the brothers, and far more is at stake in this suit. The brothers inherited their interest; the joint venture in the suit was only a *part* of that interest and the suit was only going to affect *how much profit* they would receive from that venture, not whether they would receive any at all. In that sense, the outcome of the suit was not "substantial." In contrast, the limited partners have effectively invested $1.3 million in the property. That property, for practical purposes, amounts to their *entire* interest. Foreclosure on the property would cripple, if not destroy, their interest; they therefore have much more than a higher profit margin at stake. Finally, while their claims against the general partner will not be precluded *legally* by foreclosure, foreclosure would, *as a practical matter*, extinguish those claims: there would be little to account for at the end of such a suit, and the general partner could not be made to pay for the harm he has allegedly caused. In sum, the limited partner's interest is more direct and substantial than the brothers' was in *Meridi-*

We disagree with Pacific Mutual that this section is dispositive. While it is relevant to defining the "interest" in the property of this suit, it is not the standard governing intervention. The criteria of Rule 24 control our analysis, and this section bears on that analysis, but is just one factor among others to consider.

an, and the consequences of the suit's outcome on that interest are much more dire here. And there was no "adequacy of representation" problem in *Meridian*.

*Lake Investors* also both resembles and differs from this case. *Lake Investors* was a suit for specific performance by a seller of real property. The proposed intervenor had bought a security interest in the real estate contract. He wanted to cross-claim against the seller, seeking satisfaction of his investment from the proceeds of the sales contract. The Seventh Circuit held that the security interest bore directly and substantially on the subject matter of the suit, thereby meeting the "interest" element of Rule 24(a)(2)[4]. 715 F.2d at 1259. The Court distinguished *Meridian*, emphasizing that the brothers were non-partners who had no direct legal interest in the issues of that suit, only an indirect interest in profits; in contrast, the security holder had an immediate legal right and a claim to the collateral which was the very subject of the suit. *Id.* n. 4. The Court next held that resolution of the suit would as a practical matter impair the security interest. However resolved, the suit would reduce the contract to judgment and extinguish rights under it. The security interest would vanish and convert into unsecured "proceeds." While this disposition would deprive the holder of no legal claim against the seller, the *value* of that claim would "undergo a sea change putting it[] ... substantially at risk." *Id.* at 1260. Unlike *Meridian* where the suit would leave the fiduciary duty claims legally and practically unimpaired, the outcome of the *Lake Investors* suit would destroy the security interest. *Id.* at 1260–61.

This suit is very much like *Lake Investors* on the "impairment" element. Like the security holder in *Lake*, the intervenors lose none of their legal claims against the general partner through this suit, but their "interest" would as a practical matter be destroyed by the foreclosure, since it would "undergo a sea change putting its value substantially at risk." Moreover, there is a serious adequacy of representation problem here, as in *Lake Investors*, and the Court there considered that an important distinction from *Meridian*. 715 F.2d at 1259 n. 4. However, the "interest" of the limited partners is not quite as "direct" as was the interest in *Lake Investors*, although it is more substantial than the one in *Meridian*. The security holder in *Lake Investors* had a direct claim against the plaintiff involving the very subject matter of the suit. In contrast, the limited partner's claim against defendant does not relate directly to the suit, and its defense against the foreclosure is a defense which belongs to the partnership, in which they have a great investment but no right to direct control.

Our extended exposition of the two Seventh Circuit cases illustrates how this case falls somewhere between them and explains why Pacific Mutual relies so heavily on *Meridian* while the limited partners lean on *Lake Investors*. Reconciliation is not a simple task, but a necessary one. We think that on balance this case comes closer to *Lake Investors* than to *Meridian*. This is more clearly true on both the "adequacy" and "impairment" elements than on the "interest" element. For our conclusion as to the "impairment" element we rely heavily on the Rule 24's instruction that impairment must be judged as a "practical" rather than formal "legal" matter. *See* C. Wright & A. Miller, *Federal Practice & Procedure*, § 1908 (1972) at 514–15. The Seventh Circuit implicitly did so when it concluded that the practical value of the security interest would fall greatly in *Lake Investors* even though technical legal claims would not be foreclosed. In *Meridian*, the "practical" economic loss was marginal, and there was no question about actual realization of the *value* of the legal claims, as there is here and was in *Lake Investors*.

---

**4.** In fact, the validity of the security interest was not certain. The court held that it was possibly valid, and this *possibility* of a direct and substantial interest satisfied the "interest" element of Rule 24(a)(2).

The "interest" element in this case falls closer to the middle, perhaps even a bit closer to *Meridian* than to *Lake Investors.* But as we noted earlier, *see* above at 275–276, the interest here is more direct and substantial than the one in *Meridian.* The question then is whether these differences between this case and *Meridian* are material. Both *Lake Investors* and *Meridian* describe the "interest" element as ambiguous, and that ambiguity doubtless exists because terms like "direct," "substantial," and "legally protectable" are merely general terms defining a continuum rather than a boundary. And the interest in this case falls into a gray area on that continuum.

In deciding which side of the gray area this case ultimately belongs, it is difficult if not impossible to ignore the "impairment" and "adequacy" elements. To decide whether there is a "direct and substantial" interest in property which is the subject of the action, one inevitably wants to know how the action will affect that interest, i.e., whether it will be impaired. These two questions are "closely related," with interdependent analyses. Wright & Miller, § 1908 at 495–96; *see Hobson v. Hansen,* 44 F.R.D. 18, 30 (D.D.C.1968). *Meridian* illustrates the overlap between the two lines of analysis. In defining the "interest" in that suit, the court wrote that the brothers' interest was "only in the *profits* of the joint venture to which the Prassas Company may be entitled, regardless of whether the joint venture continues in existence or is dissolved." 683 F.2d at 204 (emphasis in original). The "regardless" clause at the end clearly speaks in terms of the "impairment" issue, even though at the same time it was defining the "interest" and how it relates to the "subject of the action." In brief, although each element of Rule 24(a)(2), including "interest" must be satisfied for intervention to be proper, *see* above at 3, those elements cannot be considered in complete isolation from one another. Where, as here, the impairment and adequacy issues so strongly favor intervention, we think it is appropriate and prudent to conclude that the interest, though at the border of what Rule 24 embraces, is direct and substantial enough to warrant intervention of right. It is, as we have seen, more direct than the interest in *Meridian,* and the "impairment" and "adequacy" factors are much more pressing in this case than they were there.

■ Having concluded that intervention of right is proper, we still must define the scope of that intervention. Our analysis above only supports intervention to the extent the limited partners wish to *defend* the foreclosure suit. Their interest in the real property at issue can be impaired *only* to the extent it might be foreclosed upon. The foreclosure issue is the primary, perhaps only, thing relevant to the value of the fiduciary suit they wish to join. They pretty much concede that resolution of the legal issues in this suit will not impair their legal rights in such a suit, only the practical value of those rights. Thus their argument and the rationale supporting intervention extends *only* to the right to defend this suit, not to join the additional suit.[5] If they succeed in their defense, their other rights will not be impaired; if they lose, the impairment is complete and the additional suit cannot change that or adequately protect their interest. In sum, their petition to intervene meets the requirements of Rule 24 to the extent it seeks to defend the main suit but not to the extent it seeks to sue the general partner for breach of fiduciary duty. Thus, we allow intervention only for the purpose of mounting a defense.

■ An alternative and independent justification for denying leave to add the so-called third-party claim is that it falls outside of the court's ancillary jurisdiction. That claim, which is more properly called a cross-claim,[6] has no independent basis of

---

5. Had they only wanted to bring the additional suit, *Meridian* would quite clearly control, since this suit does not affect their right to bring or prevail on the other suit.

6. The limited partners apparently label it a "third-party complaint" because they assert it only "in the event a decree of foreclosure is entered in this action." However, it is clear this is not a third-party complaint in the sense

federal jurisdiction. Like any other litigant, an intervenor of right can bring a cross-claim only if it satisfies Rule 13(g), which requires that the claim arise "out of the transaction or occurrence that is the subject matter of the original action; Rule 13(g) does not authorize a party to bring an unrelated cross-claim." 3B *Moore's Federal Practice*, ¶ 24.17[3–2] (1985) at 24–197. Here it is clear that the issues in the proposed cross-claim at best relate tangentially to the mortgage transaction at issue in the main suit. Thus, Rule 13(a) is not satisfied and neither are the overlapping requirements of ancillary jurisdiction. *See American National Bank & Trust Co. v. Bailey*, 750 F.2d 577, 581 (7th Cir.1984), *cert. denied*, — U.S. —, 105 S.Ct. 2324, 85 L.Ed.2d 842 (1985). Thus, we deny leave to file that claim for lack of jurisdiction.

Finally, we observe that the Court has discretion to structure the scope of intervention:

> An intervention of right under the amended rule [24] may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings.

Fed.R.Civ.P. 4 Advisory Committee Note. While this broad discretion alone would probably not suffice to justify our holding striking the cross-claims, it does bolster that holding. The main foreclosure suit is a narrow one, confined to simple issues of default and mortgage validity. The proposed cross-claim is a wide ranging fiduciary duty suit, which would no doubt involve substantial discovery and delay. We appreciate Pacific Mutual's concerns that their action not be delayed, and our holding addresses those concerns, adding minimal delay while protecting the limited partners'

right to protect their substantial investment. We expect the mortgage foreclosure suit to proceed quickly and although the limited partners should have a full opportunity to defend the suit, we will not tolerate any delaying tactics.

To conclude, the limited partners' motion to intervene under Rule 24(a)(2) is allowed, and their answer may be filed. Their proposed cross-claim is stricken without prejudice, and they shall confine themselves to defending the main foreclosure suit. It is so ordered.

---

meant by Fed.R.Civ.P. 14(a). That Rule allows a defendant to implead someone "who is or may be liable to him for all or part *of the plaintiffs' claim against him.*" (Emphasis added.) Since the limited partners are not directly liable to plaintiff on its claim, this Rule does not literally apply. In any event, the "third-party claim" does not really appear contingent on the out-

come of the foreclosure, contrary to the limited partners' introductory allegation. The breaches of fiduciary duty alleged extend beyond issues involved in the foreclosure to Dodd's entire management. A successful foreclosure will surely heighten the injury, but the claim appears to exist already.