PACIFIC MUTUAL LIFE INSURANCE COMPANY, a California Corporation, and the Paul Revere Life Insurance Company, a Pennsylvania Corporation, Plaintiffs,

v.

AMERICAN NATIONAL BANK AND TRUST COMPANY OF CHICAGO, As Trustee, Arlington Place Partners, Arlington Place II Limited Partnership, Douglas W. Dodds, P. Schubert and Sons, Inc., V.A. Smith Company and Harry Yourell, Defendants.

No. 86 C 0203.

United States District Court, N.D. Illinois, E.D.

June 19, 1986.

Eric A. Oesterle, Sonnenschein, Carlin, Nath & Rosenthal, Lionel G. Gross, Altheimer & Gray, Chicago, Ill., for plaintiffs.

John Klich, Joseph Sanders, Chicago, Ill., Dennis Buyer, Buyer & Scherb, Niles, Ill., Thomas D. Decker, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

This is a mortgage foreclosure suit with jurisdiction initially based on diversity of citizenship. Plaintiffs later amended their complaint to add the United States as a party defendant. Some of the defendants [1] moved to dismiss the entire suit, arguing that the presence of the United States in the suit destroyed the Court's jurisdiction over the subject matter. Plaintiffs responded by seeking leave to file a second

---

**1.** The defendants we refer to are those we allowed to intervene in a previous opinion. *See*

110 F.R.D. 272 (N.D.Ill.1986).

amended complaint, which is like the first amended one, except that it adds some beef to jurisdictional allegations. Defendants oppose this motion, raising the same jurisdictional arguments. For the reasons stated below, the Court finds that it has jurisdiction over the case. Accordingly, plaintiffs' motion to amend will be granted and defendants' motion to dismiss denied.

The plaintiffs are citizens of California and Massachusetts. The original defendants are all citizens of Illinois. Everyone agrees that this complete diversity of citizenship empowered the Court under 28 U.S.C. § 1332(a)(1) to hear the suit as originally filed. The original defendants include the mortgagor of the property in dispute, as well as corporations with liens on the property. After filing the suit, plaintiffs learned that the United States had placed three revenue liens against defendant Douglas Dodds under 26 U.S.C. § 6321. Dodds is the general partner of a limited partnership (defendant Arlington Place Partners) which in turn is the general partner of another limited partnership (defendant Arlington Place II Limited Partnership), which is the sole beneficiary of a land trust (run by defendant-trustee American National Bank) holding title to the property in dispute. If the United States has any rights at all in the property, they apparently run somehow via Dodds through the maze of partnerships we just obliquely summarized. In order to ensure that it can pass clear title at a foreclosure sale (assuming its foreclosure is successful), plaintiffs joined the United States as a defendant to determine the validity and priority of these revenue liens.

■ Defendant's original motion to dismiss argued that the joinder of the United States destroyed the complete diversity of citizenship. Because the United States or one of its agencies is not a "citizen" of any state under § 1332, it cannot be sued in federal court solely on the basis of diversity jurisdiction. *See Brumfield v. National*

*Flood Insurance Program,* 492 F.Supp. 1043, 1044 (M.D.La.1980); *Jizmerjian v. Department of Air Force,* 457 F.Supp. 820, 822 (D.S.C.1978), *aff'd,* 607 F.2d 1001 (4th Cir.1979), *cert. denied,* 444 U.S. 1082, 100 S.Ct. 1036, 62 L.Ed.2d 766 (1980); *Monsanto Co. v. TVA,* 448 F.Supp. 648, 650 (N.D. Ala.1978); *McGlynn v. Employers Commercial Union Ins. Co. of America,* 386 F.Supp. 774, 776 (D.P.R.1974); *Darling v. United States,* 352 F.Supp. 565, 567 (E.D. Cal.1972). However, this case differs from these other cases in one significant respect: contrary to defendants' rather lame and unsupported argument, this Court quite clearly has independent jurisdiction over the claim against the United States under 28 U.S.C. § 1340,[2] since the suit to determine the validity and priority of the federal lien turns on and arises under federal tax laws, namely 26 U.S.C. § 6323. *See, e.g., United States v. Creamer Industries, Inc.,* 349 F.2d 625, 627 (5th Cir.1965), *cert. denied,* 382 U.S. 957, 86 S.Ct. 434, 15 L.Ed.2d 361 (1965); *United States v. Coson,* 286 F.2d 453, 455–56 (9th Cir.1961); 14 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* (2d Ed. 1985), § 3656 at 263 (and additional cases cited therein). We thus conclude that we have federal question jurisdiction over the suit to the extent it is addressed to the United States. But this conclusion yields an issue not thoroughly addressed by the parties: does the proper and independent presence of the United States in the suit destroy diversity with respect to the other parties, such that the claims against them must be dismissed for lack of subject matter jurisdiction? The parties did not specifically discuss what would happen if we would agree with defendants that the United States normally is not subject to diversity jurisdiction, but also agree with plaintiff that federal question jurisdiction exists over the claim against the United States.

■ Apparently only a few cases discuss this issue, and superficially at that. *See*

**2.** That section reads in relevant part:
The district courts shall have original jurisdiction of any civil action arising under any Act

of Congress providing for internal revenue
. . .

*Guttman v. United States,* 196 F.Supp. 384 (E.D.N.Y.1961); *Tompkins v. United States,* 172 F.Supp. 204 (S.D.Tex.1959). These cases turn on construction of 28 U.S.C. § 2410(a), which provides in relevant part:

> (a) Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter—
>
> (1) to quiet title to,
>
> (2) to foreclose a mortgage or other lien upon,
>
> (3) to partition,
>
> (4) to condemn, or
>
> (5) of interpleader or in the nature of interpleader with respect to,
>
> real or personal property on which the United States has or claims a mortgage or other lien.

These cases agree with the great weight of authority, which we also follow because it is clearly correct, that § 2410 does not independently create jurisdiction over the suit against the United States; rather, it merely waives sovereign immunity, meaning that jurisdiction must be found elsewhere. *See, e.g., Wells v. Long,* 162 F.2d 842, 844 (9th Cir.1947); 14 Wright, Miller & Cooper, § 3656 at 263 (and cases cited therein). Both *Guttman* and *Tompkins* recognize this principle, but go on to hold that the United States may properly be joined under § 2410 to a suit to quiet title or foreclose a mortgage so long as subject matter jurisdiction exists as to the rest of the suit. Specifically, those cases state that this is so if there is complete diversity as to the rest of the parties, without regard to the presence of the United States. This analysis is troubling, since neither case discusses the principle that the United States is not a "citizen" under § 1332. Neither case therefore discusses whether the presence of the United States destroys diversity. Moreover, neither case discussed whether an independent basis of jurisdiction existed over the claim against the United States

(although § 1340 probably would have provided that basis). Nevertheless, we think the result of these cases is correct.

Essentially, these cases rest on one construction of § 2410(a). The section allows the United States to be joined to a foreclosure suit in a court "having jurisdiction of the subject matter." The quoted words can be read two ways. One, the way *Guttman* and *Tompkins* implicitly read them, is that so long as a court *already* has subject jurisdiction matter of a foreclosure suit, without regard to the United States, the United States can be added to that suit. "Having jurisdiction of the subject matter" means having it without counting the United States. Under this reading, § 2410 does not "create" jurisdiction. Rather, its invocation does not disturb diversity jurisdiction otherwise existing. That is, the statute allows the United States to jump into a suit already in federal court. Under a second reading, the court must have "jurisdiction of subject matter of the suit," taking the presence of the United States fully into account, especially with respect to diversity. Under this reading, the presence of the United States could destroy diversity.

■ We adopt a third reading which is closer to the first one, but draws from both positions: so long as an independent basis of jurisdiction exists over the claim against the United States, § 2410 allows the United States to be joined to a foreclosure suit without destroying the diversity jurisdiction which existed over the rest of the suit. This result is consistent with the language of § 2410, as well as with its overall scheme. The statute explicitly mentions that it waived immunity "for the protection of the United States." To fulfill this purpose, it envisions that the United States will become party to foreclosure suits which the United States has a vested interest in. It envisions litigation of all claims in one forum, and does not, we think, seek to disturb the usual relation of the parties otherwise present. It merely seeks to let the United States easily into a fray which it belongs in. As long as such a suit is "federal" already, such that subject matter

jurisdiction exists with respect to the other parties and to the United States, the United States can properly have the easy access the statute envisions. Thus, we read the words, "the United States may be named a party in any civil action or suit in any district court ... having jurisdiction over the subject matter," to mean that the United States can be part of a suit where the court properly and independently has jurisdiction without regard to the United States *and* where it has independent federal jurisdiction over the claim involving the United States. In this way the statute does not create jurisdiction; it simply works like a rule of joinder. Because as we have seen, we have jurisdiction under § 1340 over the claim against the United States, we think it can be joined to this pending suit where complete diversity properly existed. Indeed, any other result would be bizarre. Initially this was a federal suit which by virtue of diversity jurisdiction involved only state law claims. It would be odd for federal jurisdiction over this state law case to vanish because of the addition of a *federal* claim against the *federal* government.[3]

■ Our result would be the same even if we did not look to § 2410. Although the second amended complaint casts the case in one claim, what we have in effect is separate but related claims against different parties joined in one suit. The object of this suit, like any foreclosure, is for all claims on the property to be resolved. Thus, we must determine the rights of the mortgagee against the mortgagor and *vice versa,* and the rights of various lienors. *Cf.* Ill.Rev.Stat. ch. 110, § 15–110 (1985). So long as each of these "claims" has an independent basis of jurisdiction, they all may properly be joined in one lawsuit under the Federal Rules. Thus, jurisdiction is proper without regard to § 2410, as we have complete diversity with respect to each independent claim against the individual defendants; and we have federal question jurisdiction over the separate claim against the United States.

This conclusion is aptly illustrated by analogy to a hypothetical that the Wright & Miller treatise offers in its discussion of Fed.R.Civ.P. 20:

> For example, suppose A, a citizen of State 1, is injured when his automobile collides with a United States mail truck driven by B, a citizen of State 2. Relying upon the doctrine of respondeat superior, A brings a $15,000 joint personal injury action against B and his employer, the United States government, in a federal district court. The district court has federal question jurisdiction over A's claim against the United States by virtue of the Federal Tort Claims Act and diversity of citizenship jurisdiction over A's claim against B. If, however, A and B were citizens of State 2, the district court would lack subject matter jurisdiction over A's claim against B.

7 Wright & Miller, § 1659 at 302; *see also Wasserman v. Perugini,* 173 F.2d 305, 306 (2d Cir.1949); *Baker v. J.C. Penney Co.,* 496 F.Supp. 922, 923–24 (D.Ga.1980); *cf.* 7 Wright & Miller, § 1652 at 266–67 (permissive joinder of parties under Rule 20 is procedural only, such that "each plaintiff's right of action remain distinct, as if it had been brought separately"). Like the hypothetical, this case involves joined claims and parties, each resting on independent jurisdictional bases. The presence of the United States in its "claim" does not dissolve diversity over the other "claims." *See Baker,* 496 F.Supp. at 923–24.

■ Finally, even if the above lines of analysis were incorrect, such that the presence of the United States in the suit would destroy the diversity jurisdiction the Court previously had over the other parties' claims, jurisdiction would nevertheless exist under the doctrine of "pendent party"

---

**3.** As a practical matter, this case would end up in federal court even if we lacked jurisdiction now. If plaintiffs refiled in state court, the United States would no doubt remove to federal court under 28 U.S.C. § 1444. They could ac-complish this removal even if jurisdiction would have been lacking over a federal suit filed directly rather than removed. *See* 7 Wright, Miller & Cooper, § 3729 at 479–81.

**168**

jurisdiction. The state claims against the individual defendants would be pendent to the federal question claim against the United States. While the doctrine of pendent party jurisdiction is narrow, *see Aldinger v. Howard*, 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976); *generally*, 13B Wright, Miller & Cooper (2d Ed.1984), § 3567.2, it is not dead, and may come into play if several criteria are satisfied. First, the constitutional requirements of Article III must be satisfied by the existence (i) of a valid claim conferring subject matter jurisdiction on the court, and (ii) of state claims arising from a "common nucleus of operative fact" such that they would ordinarily be tried in one proceeding. *Zabkowicz v. West Bend Co.*, 789 F.2d 540, 546 (7th Cir.1986); *Vantine v. Elkhart Brass Mfg. Co., Inc.*, 762 F.2d 511, 518 (7th Cir.1985). These requirements are easily met here: we have a valid federal claim against the government, and related state claims which make up a classic example of the type of claims ordinarily tried in one proceeding. Second, we must examine the statute conferring federal jurisdiction to see whether Congress expressly or implicitly negated the exercise of jurisdiction over the nonfederal claim. *Vantine*, 762 F.2d at 518. While examination of § 1340 yields no clear answer, its companion, § 2410, plainly reveals congressional preference to try this type of claim against the United States in the same proceeding with all related state law claims. This ensures that the rights of the government can be fully protected. A mortgage foreclosure suit typically spreads its net over all claims, and we see no evidence that Congress intended to change this practice. Accordingly, we find that the "statutory" prong of the pendent party test is satisfied, so that we would have pendent party jurisdiction over the state law claim in the unlikely event we were wrong in deciding earlier that diversity jurisdiction was still present.[4]

For the various reasons listed above, we conclude that we have jurisdiction over this suit. Thus, we grant plaintiffs' motion to file a second amended complaint and deny defendants' motion to dismiss. It is so ordered.

---

**4.** We observe that *Gerth v. United States*, 132 F.Supp. 894, 897 (S.D.Cal.1955), reaches a similar result in a quiet title suit. Although the court does not speak literally in terms of pendent party jurisdiction, the analysis is of that ilk. *Cf. also Transok Pipeline Co. v. Darks*, 565 F.2d 1150, 1154–55 (10th Cir.1977) (pendent party jurisdiction exists in a federal condemnation suit where pendent state law claim names parties other than those joined to the federal suit), *cert. denied*, 435 U.S. 1006, 98 S.Ct. 1876, 56 L.Ed.2d 388 (1978).