Royce G. HURLEY, Plaintiff-Appellant,

v.

UNITED STATES of America; Dr. John L. McLucas, Administrator, Federal Aviation Administration of the United States Department of Transportation; and Robert Hampton, Jayne B. Spain, and L. J. Andolsek, as members of the United States Civil Service Commission, Defendants-Appellees.

No. 78-1886.

United States Court of Appeals, Tenth Circuit.

Argued Nov. 29, 1979.

Decided Jan. 11, 1980.

Rehearing Denied Aug. 15, 1980.

Steven M. Carsey, Fort Worth, Tex. (Claude V. Sumner, Oklahoma City, Okl., on brief), for plaintiff-appellant.

William S. Price, Asst. U. S. Atty., and James O. Price, Gen. Atty., Fed. Aviation Administration (Larry D. Patton, U. S. Atty., Oklahoma City, Okl., on brief), for defendants-appellees.

Before HOLLOWAY, BARRETT and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

This cause was appealed previously. The prior case was *Hurley v. United States,* 575 F.2d 792 (10th Cir. 1978). Any background information desired is therefore readily available in the opinion which disposed of the case.

The appellant had been transferred from the Fort Worth headquarters of the Federal Aviation Administration of the United States Department of Transportation to Oklahoma. He objected to the transfer for reasons that are not now pertinent. On review we ruled in the appellant's favor and determined that the district court had erred in holding that there was a rational basis in law which supported the decision of the United States Civil Service Board, which had ruled that appellant's reassignment from duties in Fort Worth, Texas to Oklahoma was legal under the Civil Service regulations. We ordered the cause remanded to the district court for determination of damages, and also ordered reinstatement of appellant to the competitive area, position, grade and organizational rank which he had held prior to the transfer.

Following trial on remand, the district court awarded damages in the form of back pay together with 80 hours of annual leave pursuant to 5 U.S.C. § 5596, and the federal regulations, 5 C.F.R. § 550.81, *et seq.* The court, however, denied appellant's claim to damages in the form of travel allowances amounting to $46,353.00.

The only issue on appeal is whether the district court erred in refusing to grant appellant's demand for the per diem allowance award as an item of damage which he alleges is included in the so-called Back Pay Act, 5 U.S.C. § 5596. The Act in question provides that a person subjected to an unjustified or unwarranted personnel action is entitled to receive for the period for which the personnel action was in effect an amount equal to all or any part of the pay, allowances, or differentials, as applicable, that the employee normally would have earned during that period if the personnel action had not occurred. The personnel action complained of is, of course, the invalid transfer.

The contention is that the words "pay," "allowances," or "differentials" include per diem during the period that he was in residence in Oklahoma. The parties stipulate that $46,353.00 is the correct amount. This is the extent of the agreement between them. The government maintains that the Back Pay Act does not embrace a per diem payment. We agree. The Act surely does not mention per diem, but appellant maintains that it was necessarily included. He points to the regulation, 5 C.F.R. § 550.802(c), which states:

> "An unjustified or unwarranted personnel action" means an act of commission . . . or of omission . . . which . . . thereby resulted in the withdrawal, reduction, or denial of all or any part of the pay, allowances, or differential, as used here, otherwise due an employee.

Appellant also relies on the definition of the term "allowances" which is set forth in subsection (f) of the above-cited regulation. It says:

> "Allowances" means living quarters allowance; post or cost of living allowance; educational allowance; educational travel allowance; separate maintenance allowance; remote work site allowance; uniform allowance; medical treatment allowance; travel expenses to pursue an appeal of an unjustified or unwarranted personnel action; health and life insurance; and other substantial monetary and employment benefits to which an employee is entitled by law and implementing regulation in specific circumstances by virtue of his or her federal employment status.

Appellant argues that the Back Pay Act regulations have waived the government's sovereign immunity to suit for recovery of allowances to which an employee would be entitled by law or regulation but for an unjustified or unwarranted personnel action of a federal agency. He further argues that an employee of a federal agency is entitled to a per diem travel allowance while away from his designated post of duty. In effect, then, he says that the intervention of the unjustified and unwarranted personnel action of the F.A.A. caused him to be transferred illegally, and thus that his duty station was legally and continued to be in Fort Worth, and hence when he was ordered to go to Oklahoma

City he was necessarily on a travel status. In demanding this, however, he demands too much. The statute does not cover this condition. He refers to pay that he would normally have earned during that period if the personnel action had not occurred. Plainly, he would not have earned a per diem had the personnel action not occurred.

We have to conclude, therefore, that he is asking us to engraft a provision that is not a part of the Act. Indeed, it is not a part of the supporting regulations. Appellant concedes that there is somewhat of a dearth of law on the subject. The only case which deals with the issue is the decision of the Court of Claims in *Morris v. United States,* 595 F.2d 591 (Ct.Cl.1979). There the Court of Claims rejected the identical legal contention. It held that under the Back Pay Act an employee's per diem and commuting expenses were not reimbursable where there had been an erroneous transfer. The Court of Claims in a tactful opinion declared against the claimant and held that the Back Pay Act and the implementing regulations did not provide for reimbursement of the claimed expenditure. We need not dwell further on the law. It is sufficient, in summary, to say that the appellant's position is totally without support and must be denied.

Finally, we reject the argument that the United States has waived its sovereign immunity in regard to this demand. Sovereign immunity waivers are to be strictly construed. The Back Pay Act refers to allowances covering the normal legitimate employee benefits to which an employee would have been entitled under existing statutes. It does not create a new right to per diem allowances for each day of residence in a place when one is transferred to a different permanent duty station, which transfer later proves to be unwarranted.

The judgment of the district court is affirmed.