MEMORANDUM AND ORDER
 

 SAFFELS, District Judge.
 

 This matter is before the court on various pending motions in the above-captioned case. Plaintiffs brought this action against the United States, claiming that their property had been wrongfully levied upon to satisfy tax debts.
 

 Plaintiffs move to alter or amend the judgment of this court. Actually, this is a motion to reconsider the court’s ruling on a motion for summary judgment. In that order, dated September 29, 1988, the court found that the United States had made a proper and valid assessment of taxes pursuant to 26 U.S.C. § 6203.
 
 See Schmidt v. King,
 
 No. 87-2612-S, slip op. at 10 (D.Kan.,
 
 unpublished,
 
 Sept. 29, 1988). The court finds that none of the arguments presented in plaintiffs’ motion to alter or amend are persuasive. Therefore, the court reasserts its finding that a valid tax assessment has been made, and will deny plaintiffs’ motion to alter or amend judgment.
 

 Also in the plaintiffs’ motion to alter or amend judgment, plaintiffs argue that Form 4340, Certificate of Assessments & Payments, upon which the court relied to reach its decision that a valid assessment of taxes had been made was inadmissible. Plaintiffs argue that Form 4340, Certificate of Assessments & Payments, is hearsay and thus not admissible evidence. The court finds that certified public documents are proper and admissible evidence pursuant to Rules 902(1) and 803(8) of the Federal Rules of Evidence.
 
 See also Holland v. United States,
 
 209 F.2d 516, 520-21 (10th Cir.),
 
 aff'd,
 
 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1954). Thus, the certified copies of the Certificates of Assessments relied on by the court in its earlier ruling were proper evidence before the court. For the foregoing reasons, the court will deny plaintiffs’ motion to alter or amend judgment.
 

 Also pending before the court is defendant United States’ motion for summary judgment. In our September 29, 1988 order, the court found that valid tax assessments had been made against the plaintiffs. The only issue remaining in this case, in which plaintiffs challenge the procedural propriety of the levy made on their property by defendant, is whether the United States provided plaintiffs with proper notice of assessment and demand for payment, pursuant to 26 U.S.C. § 6303(a). Such notice and demand is a necessary prerequisite to a valid lien on a taxpayer’s property. 26 U.S.C. § 6321. This court found that in the light of the evidence and arguments made in the earlier motion, a factual question still remained regarding whether the I.R.S. had made the section 6303 notice of assessment and demand for payment on each plaintiff. In the present motion, defendant United States argues that it can now present evidence showing that such notices and demands were properly made before a lien was placed on plaintiffs’ property.
 

 Defendant presents evidence of computer transcriptions of I.R.S. records that plaintiff Esley Schmidt was sent notices of assessment and demands for payment on five separate occasions. The computer transcript indicates Esley Schmidt was sent such notice and demand on April 4, 1985 (the date the tax assessment was made on him); June 24, 1985; July 29, 1985; September 2, 1985; and finally, on October 7, 1985. Also, the computer transcription of I.R.S. records indicates that plaintiff Mildred Schmidt was sent notices of assessment and demands for payment on two separate occasions, April 4, 1985 (the date the tax assessment was made on her) and June 24, 1985. This evidence indicates that
 
 *765
 
 the computers at the I.R.S. automatically generated these notices on the above-mentioned dates.
 

 Plaintiffs argue this evidence is insufficient to show that the notices and demands were actually sent to plaintiffs, but only show that the computers generated such notices and demands. Loran Bradford, a twenty-two year employee of the Internal Revenue Service Center in Austin, Texas, states in her affidavit that the indication on the computer transcripts shows that the I.R.S. computer automatically completed and mailed the notices of assessment and demands for payment on each specified date. She states that it is the practice of the I.R.S. for the computer to automatically generate and send such notices. Also, she states that it is not the practice of the I.R.S. to retain copies of the notices of assessment and demands for payment prepared by the computer. In addition to these notices of assessment and demands for payment, Revenue Officer Kennedy states that he gave plaintiffs notices of assessment and demanded payment in his personal meetings with them on November 10, 1986 and April 4, 1987.
 

 It has been held that the computerized transcriptions are sufficient evidence to establish a prima facie case that notice of assessment and demand for payment was sent to the taxpayer.
 
 See In re Saunders,
 
 26 AFTR.2d 70-5388, 70-5389 (N.D.Cal.1970). Plaintiffs have not presented adequate evidence to challenge this prima facie case that notices and demands were sent to them. Also, the government enjoys the presumption of procedural regularity in administering its task, in absence of clear evidence to the contrary.
 
 United States v. Chemical Foundation, Inc.,
 
 272 U.S. 1, 14-15, 47 S.Ct. 1, 6, 71 L.Ed. 131 (1926);
 
 United States v. Ahrens,
 
 530 F.2d 781, 785 (8th Cir.1976). The court finds that the government has presented sufficient evidence to indicate that proper section 6303 notices of tax assessment and demands for payment were sent to the plaintiffs in this case. In fact, plaintiff Esley Schmidt received five written notices, plus the oral notices of Officer Kennedy, and plaintiff Mildred Schmidt received two written notices, in addition to the oral notices and demands of Officer Kennedy. According to the computer records, the written notices and demands were sent to plaintiffs’ last-known and present address, R.R. 3, Waverly, Kansas 66871.
 

 Valid tax assessments were made pursuant to 26 U.S.C. § 6203 (see this Court’s Memorandum and Order of September 29, 1988, at page 9). The United States has presented sufficient evidence showing that the notices of assessment and demands for payment, pursuant to 26 U.S.C. § 6303, were properly sent to plaintiffs. Therefore, the lien placed on plaintiffs’ property by the United States was valid and proper. Thus, the court will grant the government’s motion for summary judgment.
 

 IT IS BY THE COURT THEREFORE ORDERED that plaintiffs’ motion to alter or amend the September 29, 1988 Order of this court is denied. IT IS FURTHER ORDERED that defendant United States’ motion for summary judgment is granted. IT IS FURTHER ORDERED that the remaining pending motions in this case are rendered moot.