**Bradley E. VOTE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. CV–N–89–549–ECR.**

United States District Court, D. Nevada.

June 6, 1990.

Bradley E. Vote, Reno, Nev., in pro. per.

Shirley Smith, Asst. U.S. Atty., Reno, Nev., Brian J. Feldman, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER

EDWARD C. REED, Jr., Chief Judge.

Before this Court are several motions: (1) Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment; (2) Plaintiff's Motion to Defer Pursuant to Rule 56(f) Consideration of Defendant's Motion for Summary Judgment to Permit Discovery; (3) Plaintiff's Cross–Motion for Partial Summary Judgment; and (4) Plaintiff's Motion to Strike Defendant's Exhibits.

Plaintiff filed his Complaint in this Court on August 21, 1989, essentially alleging that defendant had improperly executed levy upon plaintiff's personal and real property, and had made unauthorized disclosures of plaintiff's return and return information. The facts in this case are as follows. Plaintiff did not file a federal income tax return for the tax year 1983. On April 12, 1985, defendant issued a notice of deficiency to plaintiff. Plaintiff subsequently filed a petition with the United States Tax Court which entered an order dismissing plaintiff's case for lack of prosecution on April 4, 1986. Defendant then made an assessment for the tax year 1983. Defendant has sent various demands for payment in addition to notices of intention to levy to plaintiff. Defendant sent a final notice of intention to levy by certified mail to plaintiff on or about January 7, 1989. On February 6, 1989, defendant seized a parcel of real property belonging to plaintiff, and sent notice of seizure to plaintiff. On March 28, 1989, the property was allegedly sold at a sealed bid sale.[1]

Before considering defendant's Motion to Dismiss/Motion for Summary Judgment and plaintiff's Cross–Motion for Partial Summary Judgment, this Court must first consider plaintiff's Motion to Strike Defendant's Exhibits, and Motion to Defer Consideration pursuant to Rule 56(f).

This Court finds plaintiff's Motion to Strike Defendant's Exhibits to be without merit. In his Motion, plaintiff appears to be making two arguments: (1) this Court should strike defendant's exhibits to its Motion for Summary Judgment since they fail to comply with Federal Rule of Civil Procedure 44, are inadmissible under Federal Rule of Evidence 902, and are hearsay; (2) the affidavit of Internal Revenue Officer Debra Vahe is not based upon personal knowledge as required by Federal Rule of Civil Procedure 56(e).

Plaintiff's first argument, that the exhibits have not been properly authenticated and are inadmissible, is without merit. It is well accepted that "unauthenticated documents cannot be considered on a motion for summary judgment." *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir.1987). "This court has consistently held that documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment." *Id.* The documents in this case (the Certificates of Assessments and Payments and accompanying records) are self-authenticating pursuant to Federal Rule of Evidence 902(1), and admissable pursuant to Federal Rule of Evidence 803(8). *Schmidt v. Internal Revenue Service*, 717 F.Supp. 763, 764 (D.Kan.1989). By complying with the above rules, the documents also comply with Federal Rule of Civil Procedure 44(c). Consequently, plaintiff's first argument in his Motion to Strike is frivolous.

Plaintiff's second argument, that Debra Vahe's affidavit does not comply with Federal Rule of Civil Procedure 56(e), is equally without merit. Plaintiff argues that Debra Vahe's affidavit cannot meet the "personal knowledge" requirement of Rule 56(e) since Vahe's declarations are based upon her review of the IRS computer-generated files. Although plaintiff's argument is superficially persuasive, it tends to prove too much in that it would bar almost all affidavits in these sorts of cases since most affidavits are based upon a review of a taxpayer's records. Consequently, Vahe's affidavit complies with Rule 56(e) in that it is based upon her personal familiarity with plaintiff's case and her review of plaintiff's file.[2]

This Court finds plaintiff's Motion to Defer Consideration pursuant to Rule 56(f) to be without merit. Federal Rule of Civil Procedure 56(f) permits a district court to refuse or continue a party's appli-

---

1. According to plaintiff's Complaint, the real property in question was sold on March 28, 1989. However, the evidence indicates that the property was being offered for sale under sealed bid sale in September, 1989.

2. Furthermore, even if Vahe's affidavit were somehow not in compliance with Rule 56(e), the accompanying exhibits would still be admissable since they do not depend upon the affidavit for a foundation.

cation for summary judgment if the opposing party needs to discover essential facts. *Hall v. State of Hawaii*, 791 F.2d 759, 760 (9th Cir.1986). This assumes that the facts to be discovered would reveal that there exists a genuine dispute as to material facts so as to preclude summary judgment. *Id.* In this case, the facts which plaintiff wishes to discover would not preclude summary judgment. First, plaintiff's argument that further discovery would establish that the assessments were not determined and recorded against him as required by 26 U.S.C. §§ 6201 and 6203 is frivolous. The evidence clearly demonstrates that the assessments were proper. Plaintiff also had the opportunity to secure a redetermination of this issue in the Tax Court.

Plaintiff's second argument, that discovery would reveal that the notices required by 26 U.S.C. §§ 6303(a) and 6331 were not issued, is equally frivolous. Once again, the evidence clearly demonstrates that such notices were sent. First, plaintiff cannot claim that he did not receive § 6303(a) notice since he sought a redetermination of the assessment in Tax Court. Furthermore, plaintiff acknowledged receipt of § 6331 notice by certified mail. Since plaintiff received final notice pursuant to § 6331, his argument that the manner in which such notice was sent was not in strict compliance with Internal Revenue Service's regulations is irrelevant.

Plaintiff's third and fourth arguments, that discovery would demonstrate that Officer Vahe negligently issued liens, levies and seizures, and that she negligently and willfully disclosed plaintiff's return or return information, appear to merely restate the allegations of the complaint. Plaintiff does not state what particular facts may be discovered, but instead appears to be merely engaged in a "fishing expedition" whereby plaintiff hopes that some of the general, vague allegations of his Complaint may be verified. In any event, after considering the evidence put forth by defendant with regard to these issues, it appears that plaintiff would be unable to discover any facts with regard to Officer Vahe's willful or negligent behavior which would preclude summary judgment.

Finally, plaintiff's fifth and sixth arguments, that discovery would reveal that Officer Vahe is not a duly appointed delegate of the Secretary and that the Internal Revenue Service's assessment and notice processes are irregular, are frivolous, and do not provide a reasonable basis for a Rule 56(f) Motion.

Having disposed of both plaintiff's Motion to Strike and his Motion to Defer Consideration, this Court now turns to defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment, and plaintiff's Motion for Partial Summary Judgment. Both defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment, and plaintiff's Opposition to the Motion to Dismiss and Cross-Motion for Partial Summary Judgment included exhibits. These Motions have included argument concerning certain facts. Since the parties have clearly treated plaintiff's Motion to Dismiss as one for summary judgment, this Court shall also treat the motion as one for summary judgment. *See Clipper Exxpress v. Rocky Mountain Motor Tariff*, 690 F.2d 1240, 1250 (9th Cir. 1982).

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The parties moving for summary judgment have the burden of establishing that there is no genuine issue of material fact; once this burden is met the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248,

106 S.Ct. 2505, 2510; 91 L.Ed.2d 202 (1986). Trial courts should act with caution in granting summary judgment and may deny summary judgment where there is reason to believe that the better course would be to proceed to trial. *Id.* at 255, 106 S.Ct. at 2513.

In this case, there do not appear to be any material disputes with regard to the facts necessary to decide the Motions for Summary Judgment. Defendant argues that this Court need not even consider these facts since defendant possesses sovereign immunity from plaintiff's quiet title and wrongful levy claims.[3]

■■■■ The defendant United States, as sovereign, is immune from suit unless it has consented to be sued. *United States v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983); *Colony First Federal Sav. and Loan Ass'n v. Federal Sav. and Loan Ins. Corp.,* 643 F.Supp. 410, 414 (C.D.Cal.1986). This Court lacks jurisdiction to entertain a suit against the United States unless it is brought under an act of Congress authorizing the action. *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985). Statutes authorizing suit against the United States are strictly construed. *Hurley v. United States,* 624 F.2d 93, 95 (10th Cir.1980).

■■ To the extent that plaintiff's suit can be characterized as a quiet title action, it appears that defendant has consented to suit pursuant to 28 U.S.C. § 2410.[4] *United States v. Coson,* 286 F.2d 453, 457 (9th Cir.1961); *Ringer v. Basile,* 645 F.Supp. 1517 (D.Colo.1986); *Pacific Mutual Life Ins. v. American Nat. Bank,* 642 F.Supp. 163, 166 (N.D.Ill.1986). Therefore, defendant may not claim that it is immune from plaintiff's suit.

■■ Defendant raises several other arguments in its Motion for Summary Judgment. Defendant argues that plaintiff's sixteenth claim (that defendant did not have the power to seize the property pursu-

ant to 26 U.S.C. § 6331 and 26 CFR 301.-6331–1 because it failed' to obtain legal review and written approval from the IRS District Counsel) and seventeenth claim (that defendant did not have the power to seize the property pursuant to the same provisions because it did not first seek a judicial determination) fail to state a cause of action for which relief can be granted. This Court agrees that plaintiff has not stated a cause of action for which relief may be granted. Neither 26 U.S.C. § 6331 nor 26 CFR 301.6331–1 mandate that legal review or a judicial determination be sought before seizure. Furthermore, defendant has presented evidence that district counsel approval was obtained before seizure.

Defendant's next argument is that plaintiff has failed to sufficiently plead a cause of action with regard to unlawful disclosure of return or return information in violation of 26 U.S.C. § 7431, and therefore, these causes of action should be dismissed. Although plaintiff's unlawful disclosure claims are somewhat vague, plaintiff has pleaded a cause of action with regard to unlawful disclosure sufficient to withstand a motion to dismiss.

■■ Defendant further argues that it should not be subject to § 7431 because it is excepted from liability pursuant to 26 U.S.C. § 6103(k). Section 6103(k) allows for the disclosure of return or return information for certain tax administration purposes. It appears to this Court that defendant's disclosures were proper under § 6103(k). Defendant generally avers that the disclosures of plaintiff's tax return information were necessary pursuant to § 6103(k) in obtaining information and enforcing other provisions of the title, and that specifically, that disclosure to the County Recorder was necessary within § 6103(k) since this disclosure was made in the course of the filing of notices of tax liens.

---

**3.** Defendant admits that sovereign immunity has been waived with regard to plaintiff's unlawful disclosure of return or return information claims.

**4.** This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. ¡' 1340.

Consequently, defendant has established that there is no genuine issue of material fact with regard to plaintiff's unlawful disclosure claims. Plaintiff has not, however, produced *any* evidence to demonstrate that a genuine material issue of fact exists with regard to plaintiff's unlawful disclosure claims. Indeed, with the exception of plaintiff's allegations regarding unlawful disclosures to the County Recorder, plaintiff has not made any specific allegations of unlawful disclosure by defendant. Therefore, defendant's Motion for Summary Judgment should be granted with regard to plaintiff's unlawful disclosure claims.

Defendant next argues that summary judgment should be granted in its favor with regard to plaintiff's remaining claims since the evidence in this case demonstrates that these claims are wholly unfounded. This Court agrees that plaintiff's remaining claims are frivolous. In its Motion for Summary Judgment, defendant has established that there is no genuine issue of material fact with regard to these claims. More importantly, plaintiff has not produced any evidence which would demonstrate that a genuine material issue of fact exists with regard to any of his remaining claims. Therefore, summary judgment should be granted in favor of defendant.

IT IS, THEREFORE, HEREBY ORDERED that defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment (# 7) is GRANTED, and plaintiff's Cross-Motion for Partial Summary Judgment (# 9) is DENIED. IT IS ALSO HEREBY ORDERED that plaintiff's Motion to Defer Consideration of Defendant's Motion for Summary Judgment (# 8), and plaintiff's Motion to Strike Defendant's Exhibits (# 10) are DENIED. The Clerk shall enter judgment accordingly.